IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-UNA |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Robert D. Christ, by his undersigned attorneys, hereby responds to the complaint of plaintiff Elan Suisse Ltd. as follows:

1.    Defendant denies the allegations of paragraph 1 as stated. Pursuant to the admission of plaintiff's counsel during oral argument held before the U.S. District Court for the Eastern District of Pennsylvania on December 21, 2006, the correct name of the plaintiff in this action is Elan Suisse (Pty) Ltd. Defendant admits that Elan Suisse (Pty) Ltd. ("Elan Suisse") is a corporation formed and organized under the laws of the Republic of South Africa and that Brett Cormick is a director and officer of Elan Suisse.

2.    Defendant denies the allegations of paragraph 2. By way of further response, defendant states that, at the time the complaint was filed, he was not a resident of Pottstown, Pennsylvania. Defendant currently resides in Abita Springs, Louisiana.

3.    In response to paragraph 3, Defendant admits that Elan Suisse was formed in or about July 2003. Defendant denies all other allegations of paragraph 3.

4.    Defendant denies the allegations of paragraph 4.

5.    Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. In response to paragraph 9, defendant admits that, in or about September 2004, he registered an internet web site under the domain name *www.elansuisse.co.za*. Defendant denies all other allegations of paragraph 9.

10. To the extent that paragraph 10 purports to describe the contents of the website as printed and attached to the complaint as Exhibit A, defendant respectfully refers to such document for the true and correct contents thereof. Defendant denies all other allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant repeats and realleges his responses to the foregoing paragraphs as if set forth fully herein.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant repeats and realleges his responses to the foregoing paragraphs as if set forth fully herein.

20. To the extent paragraph 20 purports to describe the text of Section 43(a) of the Lanham Act, defendant respectfully refers to such statute for the true and correct contents thereof.

21. Defendant denies the allegations of paragraph 21.

22. Defendant repeats and realleges his responses to the foregoing paragraphs as if set forth fully herein.

23. To the extent paragraph 23 purports to describe the text of Section 43(d) of the Lanham Act, defendant respectfully refers to such statute for the true and correct contents thereof.

24. Defendant denies the allegations of paragraph 24.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim for which relief may be granted.

2. The claims alleged in the complaint are barred by the doctrines of laches, estoppel and/or waiver.

3. The claims alleged in the complaint are barred by the doctrine of unclean hands. By way of further response, evidence of plaintiff's unclean hands includes, but is not limited to, plaintiff's apparent decision to file this action originally in Pennsylvania solely to avoid submitting to this Court's jurisdiction, as referenced by the U.S. District Court for the Eastern District of Pennsylvania in its December 28, 2006 opinion (*see* D.I. 12 at p. 10, n.13).

4. The allegedly defamatory statements of which plaintiff complains were and are, each and all of them, in their natural and ordinary meaning, true in substance and in fact.

5. Defendant did not publish the allegedly defamatory statements of which plaintiff complains with malice or reckless and/or negligent indifference as to the truth of those statements.

6. The reputation of Elan Suisse for morality, integrity and honest dealing is and was notoriously bad by virtue of the actions of Brett Cormick, Elan Suisse's agent, and, accordingly, Elan Suisse could not be, and was not, injured or damaged by the allegedly defamatory statements.

7. Defendant denies that Elan Suisse, prior to this action, had earned or maintained a good reputation. To the contrary, by virtue of the actions of Brett Cormick, Elan Suisse's agent, Elan Suisse is and was at all times relevant to this action an organization of bad name, fame and reputation.

8. Defendant was provoked to make the allegedly defamatory statements of which plaintiff complains by the wrongful and malicious acts of Elan Suisse, acting through its agent, Brett Cormick.

9. There has been no unfair competition on defendant's part by use of the *www.elansuisse.co.za* domain name for the reason that no actual competition exists between defendant and Elan Suisse.

10. Plaintiff's claims under the Lanham Act must fail because plaintiff is not the owner of a trademark with respect to "Elan Suisse" and, accordingly, lacks standing to seek the remedies provided by that statute.

11. Plaintiff's claims under Section 43(a) of the Lanham Act must fail because defendant does not use the *www.elansuisse.co.za* domain name in connection with any goods, services or other aspect of commerce.

12. Plaintiff's claims under Section 43(a) of the Lanham Act must fail because defendant's use of the *www.elansuisse.co.za* domain name is not likely to cause confusion or mistake as to any affiliation, connection or association of defendant with Elan Suisse.

13. Plaintiff's claims under Section 43(d) of the Lanham Act must fail because defendant has no intent to profit from the *www.elansuisse.co.za* domain name.

14. Plaintiff's claims under Section 43(d) of the Lanham Act must fail because defendant's use of the *www.elansuisse.co.za* domain name is not identical or confusingly similar to plaintiff's use of the "Elan Suisse" name.

WHEREFORE, defendant respectfully requests that the Court:

A. Dismiss the complaint with prejudice;

B. Enter judgment in defendant's favor and against plaintiff;

C. Award defendant his costs and expenses, including reasonable attorneys' fees, incurred in defense of this action; and

D. Grant such other and further relief as the Court deems just and proper.

REED SMITH LLP

_____
Thad J. Bracegirdle (No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Defendant

Dated: February 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-UNA |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2007, a true and correct copy of the foregoing *Answer* was served by First Class Mail on the following counsel to plaintiff:

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Nicholas Casamento, Esquire
Front Street Lawyers, P.C.
Flagship Corporate Center, Suite 320
2 West Baltimore Avenue
Media, PA 19063

REED SMITH LLP

_____
Thad J. Bracegirdle (No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Defendant

Dated: February 9, 2007

WILLIB-52250.1