IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-00060 (GMS) |
| | ) | |
| ROBERT D. CHRIST, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO CONSOLIDATE ACTIONS**

Plaintiff Elan Suisse Ltd. Hereby responds to and opposes the Motion to Consolidate Actions of defendant Robert D. Christ, and states as follows:

1. Initially, Mr. Christ's motion is premature. Mr. Christ wishes to consolidate the present action with *Christ v. Cormick, et al.*, Civil Action No. 06-275-GMS. That action is currently subject to a pending motion to dismiss. Moreover, on March 2, 2007, Mr. Christ filed an Amended Complaint, which will result in a renewed motion to dismiss and supplemental briefing to address the amendment. If that action is dismissed (as it should be), then the present motion will be moot. As there is no demonstrated urgency, this motion should be deferred pending resolution of the motion to dismiss in Civil Action No. 06-275-GMS. *See Madison v. Vintage Petroleum, Inc.*, 872 F.Supp. 340, 343-44 (S.D. Miss.1994), *aff'd mem.*, 87 F.3d 1311 (5th Cir. 1996).

2. Beyond this, Mr. Christ has failed to establish that consolidation is warranted. Mr. Christ claims that there are issues common to both cases. However, "The mere existence of common issues, a prerequisite to consolidation, does not require consolidation. The

savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F.Supp. 759, 761 (D. Del. 1991). The differences between the two actions outweigh any similarities, such that consolidation is inappropriate.

3.  First, there is a difference of parties. Although the judge in the Pennsylvania action indicated that counsel for plaintiff in Pennsylvania "admitted" that Elan Suisse Ltd. and Elan Suisse (Pty.) Ltd. are the same entity, such admission (which was never authorized) is factually in error. Elan Suisse Ltd. is an English private limited company, as evidenced by the Certificate of Incorporation certified by the Registrar of Companies for England and Wales. (Declaration of Brett J. Cormick ¶3 & Ex. A). Elan Suisse (Pty.) Ltd. is a South African company formerly known as Podia Trading 4 (Proprietary) Limited. (*Id.* ¶4 & Ex.B).

4.  As the unauthorized "admission" is factually incorrect, it cannot constitute a binding judicial admission. *See McCaskill v. SCI Management Corp.*, 298 F.3d 677, 682-83 (7th Cir. 2002) (Rovner, J., concurring in the judgment).

5.  The causes of action, applicable law and remedies sought are also different. In Civil Action No. 06-275-GMS, Mr. Christ is pursuing state law claims of breach of contract and fraud, seeking liquidated damages of $250,000, which for the reasons stated in the defendants' brief in support of their motion to dismiss, will likely be decided under Pennsylvania law (as Mr. Christ was a Pennsylvania resident at the time of the alleged conduct). By contrast, in the present action Elan Suisse Ltd. seeks injunctive relief under the federal Lanham Act, and damages for commercial disparagement, which will likely be

determined under South African law, as Elan Suisse Ltd.'s domicile. *See Dymond v. National Broadcasting Company, Inc.*, 559 F.Supp. 734 (D. Del. 1983). As such, consolidation would unnecessarily increase discovery costs dealing with substantial non-overlapping issues, sacrifice judicial economy and potentially confuse a jury. This militates against consolidation. *Aerotel, Inc. v. Verizon Communications, Inc.*, 234 F.R.D. 64, 67 (S.D.N.Y. 2005).

      6. Mr. Christ does not explain how consolidation will result in judicial efficiency or minimized costs, but only makes a conclusory statement to that effect. In the absence of a showing of a genuine benefit that outweighs the risks and burdens (as described above), Mr. Christ has failed to establish that consolidation is justified or warranted.

      WHEREFORE, for the foregoing reasons, Elan Suisse Ltd. respectfully requests that the Court deny the Motion to Consolidate Actions.

Respectfully submitted,

 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiff Elan Suisse Ltd.

Dated: March 5, 2007

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 5th day of March, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send electronic notification to the following counsel of record:

>Thad J. Bracegirdle, Esq.
>Reed Smith LLP
>1201 Market Street, Suite 1500
>Wilmington, DE 19801

>/s/ David L. Finger
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF BRETT J. CORMICK

1. My name is Brett J. Cormick. I am the sole owner of Elan Suisse, Ltd. and Elan Suisse (Pty.) Ltd.

2. I have recently learned that in the above-captioned action, my Pennsylvania lawyers made a representation to the Court that Elan Suisse, Ltd. and Elan Suisse (Pty.) Ltd. That representation was made without my prior knowledge or consent. Indeed, my Pennsylvania lawyers never even told me that they made that representation. Instead, I learned it from my Delaware counsel after this action was transferred to Delaware.

3. The representation made by my Pennsylvania lawyers is false. Elan Suisse Ltd. is a private limited company organized and existing under the laws of England. A true and correct copy of the Certificate of Incorporation of Elan Suisse Ltd. is attached hereto from Exhibit A.

4. Elan Suisse (Pty.) Ltd. is an entity organized and existing under the laws of South Africa. Elan Suisse (Pty.) Ltd. was formerly named Podia Trading 4 (Pty.) Ltd. A true and correct copy of the certificate of name change to Elan Suisse (Pty.) Ltd., as

registered by the South African Regstrar and Companies and Close Corporations is attached hereto as Exhibit B.

5.   I declare under penalty of perjury under the laws of the United States and the State of Delaware, pursuant to 28 U.S.C. §1748, that the foregoing is true and correct. Executed on this 2nd day of March, 2007 in Zimbabwe

_____
Brett J. Cormick

# CERTIFICATE OF INCORPORATION
# OF A PRIVATE LIMITED COMPANY

Company No. 4998672

The Registrar of Companies for England and Wales hereby certifies that

ELAN SUISSE LTD

is this day incorporated under the Companies Act 1985 as a private company and that the company is limited.

Given at Companies House, Cardiff, the 18th December 2003

THE OFFICIAL SEAL OF THE
REGISTRAR OF COMPANIES

*Companies House*

*for the record*

The above information was communicated in non-legible form and authenticated by the Registrar of Companies under section 710A of the Companies Act 1985

| Republic of South Africa | Republiek van Suid-Afrika | Form/Vorm CM9 |
|---|---|---|
| Companies Act, 1973, Section 44(1)(b) | Maatskappywet, 1973, Artikel 44(1)(b) | |

Registration No. of company/Registrasienommer van maatskappy
2003/000050/07

*[Stamp: REGISTRATEUR VAN MAATSKAPPYE EN VAN BESLOTE KORPORASIES, 2003-08-11, REGISTRAR OF COMPANIES AND OF CLOSE CORPORATIONS]*

# Certificate of change of name of company

# Sertifikaat van verandering van naam van maatskappy

This is to certify that/Hierby word gesertifiseer dat

**PODIA TRADING 4 (PROPRIETARY) LIMITED**

has changed its name by SPECIAL RESOLUTION and is now called
sy naam verander het by SPESIALE BESLUIT en nou genoem word

**ELAN SUISSE (PROPRIETARY) LIMITED**

and that the new name has this day been entered in the Register of Companies.
en dat die nuwe naam op hierdie dag in die Register van Maatskappye aangeteken is.

Signed and sealed at Pretoria, this/Geteken en geseël te Pretoria op hede die    11th

day of/dag van    Aug

Two Thousand and / Tweeduisend en    2003

Registrar of Companies/Registrateur van Maatskappye

*Seal of Companies Registration Office*
This certificate is not valid unless sealed by the seal of the Companies Registration Office

*[Stamp: REGISTRATEUR VAN MAATSKAPPYE EN VAN BESLOTE KORPORASIES, 2003-08-11, REGISTRAR OF COMPANIES AND OF CLOSE CORPORATIONS]*

Reproduced under Government Printers Copyright Authority No 10695 dated 17 May 1999 - CQS Technology Holdings (PTY) LTD (011) 507-0000

L. Antónia

"I, GRAEME CRAIG TELFER, in the Gauteng Province, Republic of South Africa, a Notary Public, certify that the attached documents being the Memorandum of Association and the Articles of Association of the company named

**PODIA TRADING 4 (PROPRIETARY) LIMITED**

are true and correct copies of the signed originals which were prepared by

Attorney Dianne Catherine Saffy

SIGNED at JOHANNESBURG on 19 DECEMBER 2002.

..............................
NOTARY PUBLIC".

Form CM 26

REPUBLIC OF SOUTH AFRICA
COMPANIES ACT, 1973

# Special resolution
(Section 200)
(To be lodged in duplicate)

Registration No. of company
2003/000050/07

*[Registrar stamp: REGISTRATEUR VAN MAATSKAPPYE EN VAN BESLOTE KORPORASIES — Revenue stamp or revenue franking machine impression — 2003-08-11 — REGISTRAR OF COMPANIES AND OF CLOSE CORPORATIONS]*

Name of company    PODIA TRADING 4 (PROPRIETARY) LIMITED

Date notice given to members    N/A            Date resolution passed    06/08/2003

Special resolution passed in terms of section    44(1)(A) & 55    of the Act/*paragraph    2 & 3    of the memorandum/*article    of the articles.

~~Copy of notice convening meeting attached.~~
Consent to waive period of notice of meeting ~~(CM25)~~ CM 25A ATTACHED

**CONTENTS OF RESOLUTION**    (Use reverse side if necessary)

Resolved:
RESOLUTION NO 1

"THAT THE NAME OF THE COMPANY BE HEREBY CHANGED FROM PODIA TRADING 4 (PROPRIETARY) LIMITED TO ELAN SUISSE (PROPRIETARY) LIMITED."

RESOLUTION NO 2

"THAT THE PRINCIPLE BUSINESS AS IDENTIFIED IN CLAUSES 2 & 3 OF THE MEMORANDUM OF ASSOCIATION BE SUBSTITUTED TO READ: FINANCIAL SERVICES / MULTI MANAGER."

*Rubber stamp of company, if any or of secretaries.*

Date    6/08/2003

Signature _____  Director/Secretary/Manager

Name (in block letters)    CATHERINE DRIGIANAKIS

*Delete whichever not applicable.

**To be completed by company.**

Herewith copy of special resolution as registered.

Registration No. of company
2003/000050/07

Name of company    PODIA TRADING 4 (PROPRIETARY) LIMITED

Postal address    TO BE COLLECTED

*[Registrar stamp: Special resolution Registered this day — REGISTRATEUR VAN MAATSKAPPYE EN VAN BESLOTE KORPORASIES — Date stamp of Companies Registration Office 2003-08-11 — Registrar of Companies — REGISTRAR OF COMPANIES AND OF CLOSE CORPORATIONS]*

**Not valid unless stamped by Registrar of Companies**
Reproduced under Government Printers Copyright Authority No 10695 dated 17 May 1999 - CQS Technology Holdings (PTY) LTD (011) 507-0000

Republic of South Africa  
Companies Act, 1973, Section 44(1)(b)

Republiek van Suid-Afrika  
Maatskappywet, 1973, Artikel 44(1)(b)

Form/Vorm CM9

Registration No. of company/Registrasienommer van maatskappy  
2003/000050/07

# Certificate of change of name of company

# Sertifikaat van verandering van naam van maatskappy

This is to certify that/Hierby word gesertifiseer dat

**PODIA TRADING 4 (PROPRIETARY) LIMITED**

has changed its name by SPECIAL RESOLUTION and is now called  
sy naam verander het by SPESIALE BESLUIT en nou genoem word

**ELAN SUISSE (PROPRIETARY) LIMITED**

and that the new name has this day been entered in the Register of Companies.  
en dat die nuwe naam op hierdie dag in die Register van Maatskappye aangeteken is.

Signed and sealed at Pretoria, this/Geteken en geseël te Pretoria op hede die _11th_  
day of/dag van _Aug_  
Two Thousand and / Tweeduisend en _2003_

Registrar of Companies/Registrateur van Maatskappye

Seal of Companies Registration Office  
This certificate is not valid unless sealed by the seal of the Companies Registration Office

Reproduced under Government Printers Copyright Authority No 10695 dated 17 May 1999 - CQS Technology Holdings (PTY) LTD (011) 507-0000

REPUBLIEK VAN SUID-AFRIKA
REPUBLIC OF SOUTH AFRICA

VORM CM 46
FORM CM 46

MAATSKAPPYWET, 1973
COMPANIES ACT, 1973

# SERTIFIKAAT OM MET BESIGHEID TE BEGIN
# CERTIFICATE TO COMMENCE BUSINESS

(Artikel 172)   (Section 172)

Regist   SA Companies Registration Offic
R        PODIA TRADING 4

## 2003/000050/07

Ek sertifiseer hierby dat **PODIA TRADING 4 (PROPRIETARY) LIMITED**
I hereby certify that

wat ingelyf is op die
which was incorporated on the  _07_

dag van
day of  _January_   Eenduisend Negehonderd   _2002_
        One Thousand Nine Hundred and

voldoen het aan die vereistes van artikel 172 van die Wet, en met ingang van vandag geregtig is om met besigheid te begin.
has complied with the requirements of Section 172 of the Act and is with effect from this day entitled to commence business.

Geteken en geseël te PRETORIA op hede die
Signed and sealed at PRETORIA this  _07_

dag van
day of  _January_   Eenduisend Negehonderd   _2002_
        One Thousand Nine Hundred and

Seel van Registrasiekantoor vir Maatskappye
Seal of Companies Registration Office

Registrateur van Maatskappye
Registrar of Companies

Hierdie sertifikaat is nie geldig nie, tensy geseël deur die Seël van die Registrasiekantoor vir Maatskappye
This certificate is not valid unless sealed by the Seal of the Companies Registration Office

FINANCIAL YEAR ENDS ON:
_June_ EACH YEAR

Reproduced under Government Printers Copyright Authority No 10695 dated 17 May 1999 - CQS Technology Holdings (PTY) LTD (011) 442-4574

| Republiek van Suid-Afrika | | Republic of South Africa |
| --- | --- | --- |
| Maatskappywet 1973 | | Companies Act 1973 |
| (Artikel 64) | | (Section 64) |
| | Vorm/Form CM 1 | |


PODIA TRADING 4

Registrasienommer van Maatskappy/Regis

2003/000050/07

# Sertifikaat van Inlywing

van 'n Maatskappy met 'n aandelekapitaal

# Certificate of Incorporation

of a Company having a share capital

Hierby word gesertifiseer dat/This is to certify that

**PODIA TRADING 4 (PROPRIETARY) LIMITED**

vandag ingelyf is kragtens die Maatskappywet, 1973 (Wet 61 van 1973), en dat die Maatskappy 'n maatskappy is met 'n aandelekapitaal.

was this day incorporated under the Companies Act, 1973 (Act 61 of 1973), and that the Company is a company having a share capital.

Geteken en geseël te Pretoria op hede die/ Signed and sealed at Pretoria this

07 dag van/day of January ~~Eenduisend Negehonderd/~~

Two ~~One~~ Thousand ~~Nine Hundred~~ and Two

Registrateur van Maatskappye/Registrar of Companies



Seël van die Registrasiekantoor vir Maatskappye
Seal of Companies Registration Office.
Hierdie sertifikaat is nie geldig nie, tensy geseël deur die seël van die Registrasiekantoor vir Maatskappye.
This certificate is not valid unless sealed by the seal of the Companies Registration Office.

Produced under Government Printers Copyright Authority No 10695 dated 17 May 1999 - CQS Technology Holdings (PTY) LTD (011) 442-4924