IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated April 13, 2007, plaintiff Elan Suisse Ltd. and defendant Robert D. Christ hereby respectfully submit this Joint Status Report in anticipation of the Rule 16 Conference scheduled for April 24, 2007 at 9:30 a.m.:

1.   **Jurisdiction and Service.**  Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), the Court has subject matter jurisdiction over this action, which asserts claims arising under the Lanham Act.  All parties have been served, and neither party contests this Court's personal jurisdiction.

2.   **Substance of the Action.**  This action arises from defendant's posting of information on an Internet website located on a server in South Africa.  Plaintiff alleges that defendant's posting of this information defamed and commercially disparaged it and that defendant's use of the "www.elansuisse.co.za" domain name violates Sections 43(a)(1)(A) and 43(d)(1)(A) of the Lanham Act.  Defendant's defenses to plaintiff's claims include, *inter alia*, (a) the truth of the information posted to his website, (b) defendant's posting of such information without malice or reckless and/or negligent indifference as to the truth of the information, (c) plaintiff's lack of damages due to its existing poor reputation, (d) the lack of competition

between plaintiff and defendant, (e) defendant does not use the "www.elansuisse.co.za" domain name for profit or in connection with any goods, services or other aspect of commerce, and (f) defendant's use of the "www.elansuisse.co.za" domain name is not likely to cause confusion or mistake as to any affiliation, connection or association between defendant and plaintiff.

3.  **Identification of Issues.**  The following factual and legal issues are in dispute: (a) as set forth more fully in the parties' submissions in connection with defendant's pending Motion to Consolidate Actions, whether this action should be consolidated with a prior-filed related action pending before this Court, *Robert D. Christ v. Brett J. Cormick, et al.*, C.A. No. 06-275-GMS; (b) whether plaintiff has been defamed or commercially disparaged by defendant's actions; (c) whether defendant's conduct rises to the appropriate level of fault; (d) whether plaintiff has suffered damages as a result of defendant's allegedly defamatory conduct; (e) whether defendant's use of the "www.elansuisse.co.za" domain name violates Section 43(a)(1)(A) of the Lanham Act; and (f) whether, by registering and using the "www.elansuisse.co.za" domain name, defendant has engaged in "cyberpiracy" in violation of Section 43(d)(1)(A) of the Lanham Act.

4.  **Narrowing of Issues.**  Defendant believes that, through consolidation of this action with C.A. No. 06-275-GMS, certain common issues between the two actions can be litigated more efficiently than by litigating the actions separately.  For example, the merits of many of the claims alleged in C.A. No. 06-275-GMS necessary rely upon the same facts upon which the allegedly defamatory postings in this action are based.  Additional grounds for consolidation are set forth in defendant's pending Motion to Consolidate Actions.  In addition, defendant believes that certain of plaintiff's claims in this action, specifically the claims arising under the Lanham Act, may be resolved by dispositive motion.

Plaintiff's position is that consolidation is premature, as C.A. No. 06-275-GMS is currently subject to a motion to dismiss. Moreover, consolidation is not appropriate given the different parties and claims in that action, such that there is the potential for jury confusion. Additionally, if the Court denies the motion to dismiss, then one or more defendants in that case would likely bring substantial counterclaims. Plaintiff is willing to stay voluntarily the present action until the Court rules on the motion to dismiss in C.A. No. 06-275-GMS, as then (i) if the Court grants the motion to dismiss, then consolidation becomes moot, and (ii) if the Court denies the motion to dismiss in whole or in part, and then counterclaims are asserted, the Court would be in a better position and context to determine whether consolidation is appropriate.

5. **Relief.** Plaintiff seeks (i) presumed, compensatory and punitive damages, (ii) a permanent injunction barring defendant from using the phrase "Elan Suisse" as part of any website address or URL, (iii) a permanent injunction requiring defendant to remove the defamatory postings from any website he owns, leases or controls, and (iv) an award of costs, including reasonable attorney's fees.

6. **Amendment of Pleadings?** Plaintiff anticipates amending the Complaint to assert a claim for defamation.

7. **Joinder of Parties?** None anticipated at this time.

8. **Discovery.** Defendant believes that discovery will most efficiently be achieved through consolidation of this action with C.A. No. 06-275-GMS and coordination of discovery in the consolidated action. Most, if not all, of the same documents and witnesses will be relevant in both actions and consolidating discovery will reduce significantly the burdens to both the parties and the Court as well as avoid duplicative discovery in two separate actions. Until the two actions are consolidated, it is difficult for defendant to estimate the time required for discovery,

although many of the witnesses and documents are located overseas and, thus, may necessitate additional time.

Plaintiff agrees that discovery will require depositions of non-party overseas witnesses. Plaintiff opposes consolidation for the reasons previously stated.

9. **Estimated Trial Length.**  Defendant believes that consolidating this action with C.A. No. 06-275-GMS for trial will streamline both actions and relieve the parties and the Court from holding two separate trials involving the same witnesses and similar factual issues. Assuming the two actions are consolidated, defendant estimates that trial can be conducted in 5-10 days.

Plaintiff agrees that 5-10 days would be required for trial.  Plaintiff opposes consolidation for the reasons previously stated.

10. **Jury trial?**  Plaintiff has requested trial by jury.

11. **Settlement.**  No meaningful settlement discussions have taken place to date. Defendant believes referral of the parties' dispute (including the claims alleged in C.A. No. 06-275-GMS) to the Magistrate for mediation may be appropriate.  Plaintiff believes that, given the degree of damage done by the defendant and the antagonism shown, mediation would not only be fruitless, it would be counterproductive.

12. **Other Matters.**

   a. As plaintiff is a South African entity created to engage in business transactions in South Africa, plaintiff suggests that an early motion *in limine* may be appropriate to determine choice of law of the common law claims to assist the parties in determining what evidence is required.

b.	As discussed above, and for the reasons stated in his pending Motion to Consolidate Actions, defendant believes that consolidation of this action with C.A. No. 06-275 will greatly enhance the just, speedy and inexpensive adjudication of the parties' dispute.

13.	Undersigned counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| */s/ David L. Finger* | */s/ Thad J. Bracegirdle* |
| David L. Finger (DE Bar ID #2556) | Thad J. Bracegirdle (DE Bar ID #3691) |
| Finger & Slanina, LLC | Reed Smith LLP |
| One Commerce Center | 1201 Market Street |
| 1201 Orange Street, Suite 725 | Suite 1500 |
| Wilmington, DE  19801 | Wilmington, DE  19801 |
| (302) 884-6766 | (302) 778-7500 |
| Attorneys for Plaintiff | Attorneys for Defendant |

Dated:  April 18, 2007