

FINGER & SLANINA, LLC
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

October 1, 2007

**Via E-Filing**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

> Re:    **Christ v. Cormick**, *et al.*. C.A. No. 06-275-GMS
> **Elan Suisse Ltd. v. Christ**, C.A. No. 07-60-GMS

Dear Judge Sleet:

In anticipation of the discovery teleconference scheduled for October 3, 2007 at 10:30 a.m. in the above-captioned matter, the parties jointly submit the following items to be presented to the Court.

**Issues of Brett Cormick and Elan Suisse, Ltd.**

1.    Whether Mr. Christ, who produced 18,265 documents on 4 disks in TIFF format, may respond to interrogatories by referring to general categories of documents, instead of identifying specific documents when Fed. R. Civ. P. 33(d) requires that, in responding to interrogatories by reference to documents, such documents must be identified "in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

2.    Whether Mr. Christ must provide the name and contact information of unnamed sources (including an investigator identified as the "UK Sleuth") who allegedly provided him with disparaging and false information about Dr. Cormick and Elan Suisse which Mr. Christ posted on his website (attributed to such unnamed sources), and identify what efforts he made to corroborate those reports, where issues of (i) whether such informants actually exist, (ii) whether Mr. Christ accurately reported what they told him, and (iii) whether such information or informant is reliable, are all relevant to issues of fault, bad faith and malice.

3.    Whether Mr. Christ must provide his history of investments and what due diligence he undertook prior to such investments, where he is claiming fraud in connection with an investment, and so the extent of his financial sophistication is relevant to his claim of reasonable reliance.

The Hon. Gregory M. Sleet
October 1, 2007
2

4.      Whether Mr. Christ must produce documents he claimed on his website he received from Alan and/or Allyson Dean relating to Dr. Cormick, where Mr. Christ has advised Dr. Cormick that the Deans have offered to come to testify at trial, and Mr. Christ has posted information about the Deans' alleged dealings with Dr. Cormick on his website.

5.      Whether Mr. Christ must produce all documents prepared by or on behalf of Mr. Christ which were given to any law enforcement authorities in any jurisdiction relating or referring to Dr. Cormick, where Dr. Cormick has alleged false imprisonment and torture, and Mr. Christ has discussed on his website his attempting to get Dr. Cormick arrested in several jurisdictions.

## Issues of Robert D. Christ

1.      Having responded to all but six document requests by stating that they "will make available all non-privileged documents ... that are in [their] custody, possession or control," but then stating generally that many documents either have been lost or are unavailable to them, whether defendants must identify those categories of documents which are unavailable and, for each category, explain the circumstances under which such documents were lost.

2.      Whether defendants must produce all responsive documents within their possession, custody or control, regardless of whether they believe plaintiff possesses copies of such documents.

Respectfully,

David L. Finger
(DE Bar ID #2556)

cc:    Clerk of the Court (via CM/ECF)
       Thad J. Bracegirdle, Esq. (via CM/ECF)