IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | C.A. No. 06-275-GMS |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MOTION TO STRIKE EXHIBITS

Brett D. Cormick ("Cormick") hereby moves to strike Exhibits A through E[1] to Robert D.

Christ's Reply Brief in Support of His Motion for Judgment on the Pleadings, as well as footnote

1 on page 2 thereof, and in support thereof states as follows:

1.    Apparently recognizing the lack of merit in his Motion for Judgment on the

Pleadings, Christ now follows his standard pattern of attempting to deflect attention from the real

---

[1]

Exhibit A is an article from the *News Journal*. Exhibit B is an page from a Zimbabwe
website.  Exhibit C is e-mail correspondence regarding a woman not mentioned in either the
Complaint or the Counterclaim (and who may not even be aware of Christ's dragging her name into
the public record in this action).  Exhibits D and E purport to be from long-defunct websites.

issue (his motion) by means of character assassination.  Further, he attempts to do so in a reply brief, recognizing that there is no response to such a brief.[2]

2.      This Court has inherent authority to strike documents from the record.  *In re Peregrine Systems, Inc.*, 311 B.R. 679, 690 (D. Del.), *stay denied*, 312 B.R. 755, 758 & n.4 (D. Del. 2004).[3]

3.      On a motion to dismiss for failure to state a claim, or for judgment on the pleadings, striking documents from the record is a proper exercise of the Court's power when the documents submitted are not properly to be considered by the Court in deciding the motion.  *Limantour v. Cray, Inc.*, 432 F.Supp.2d 1129, 1139 (W.D. Wash. 2006); *MBNA America, N.A. v. Cioe & Wagenblast, P.C.*, C.A. No. 2:05-CV-216, 2005 WL 2709281, WL Op. at *1, Lozano, J. (N.D. Ind. Oct. 2, 2005) (Ex. A hereto).   This is particularly so where the documents are submitted as part of a reply brief, thereby denying Cormick the ability to respond and balance the record.  *Chalfant v. Tubb*, 453 F.Supp.2d 1308, 1314 (N.D. Okla. 2006).

4.      Christ did not introduce Exhibits A-E in support of any arguments relating to the merits of the Motion for Judgment on the Pleadings.  Nor has he shown (nor can he show) that such documents may be properly considered in connection with that motion.  The inclusion of such

---

[2]

In light of Christ's defamatory website, the irony of Christ accusing Cormick of "scandalous personal attacks" is self-evident.  Cormick has documents which support his assertions, and which show that Christ himself has no compunction about distributing "defamatory, lewd and obscene statements," even beyond his website. Unlike Christ, however, Cormick will not gratuitously soil the docket with documents showing Christ's rantings unless and until such time as there is an evidentiary hearing as to which such documents are material and relevant.

[3]

Federal Rule of Civil Procedure 12(f) authorizes striking of pleadings, but not briefs and exhibits. *Watkins v. New Castle County*, 374 F.Supp.2d 379, 394 (D. Del. 2005).  As such, the present motion to strike asks the Court to exercise its inherent power.

documents is an obvious and transparent effort to poison the Court's view of Cormick with a one-sided presentation, and to place such documents on the public record for the world to see.[4]

5.    As none of these exhibits are in any way material or relevant to the true issue before, the Court, *i.e.,* whether the well-pleaded allegations of Cormick's counterclaim state a cause of action, but merely attack Cormick's character, they are impertinent, *In re 2TheMart.com Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000), an abuse of the Court's docket, and prejudicial to Cormick.

WHEREFORE, for the foregoing reasons, Brett J. Cormick respectfully requests that the Court enter an Order striking Exhibits A through E to Robert D. Christ's Reply Brief in Support of His Motion for Judgment on the Pleadings, as well as footnote 1 on page 2 thereof.

Dated: November 12, 2007

Respectfully submitted,

 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick

---

[4]

Christ has posted a number of these documents on his website.  However, by placing them in the public court docket, Christ no doubt hopes that they will take on greater weight in the public's consciousness.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | C.A. No. 06-275-GMS |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>ORDER</u>

On this _____ day of _____, 2007, having considered the Motion to Strike

of Brett J. Cormick, and any response thereto, and having determined that the motion is meritorious

and good cause exists therefor.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion to Strike is GRANTED.

2.      The Prothonotory is instructed to immediately remove the Reply Brief of Robert D.

Christ in Support of his Motion for Judgment on the Pleadings and Exhibits A through E thereof

from the docket in each of the above-captioned cases.

3.    Mr. Christ is ordered to re-file his reply brief, eliminating footnote 1 and Exhibits A through E within five (5) days of the entry of this Order.

_____
Sleet, J.

**STATEMENT PURSUANT TO LOCAL RULE 7.1.1**

I, David L. Finger, hereby certify that I requested that Robert D. Christ voluntarily withdraw

Exhibits A-E of Mr. Christ's Reply Brief in Support of his Motion for Judgment on the Pleadings.

Mr. Christ, through his counsel, has declined the request.


                                   /s/ David L. Finger
                                   David L. Finger (DE Bar ID #2556)
                                   Finger & Slanina, LLC
                                   One Commerce Center
                                   1201 Orange Street, Suite 725
                                   Wilmington, DE 19801-1155
                                   (302) 884-6766



Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2005 WL 2709281 (N.D.Ind.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
MBNA America Bank, N.A. v. Cioe & Wagenblast,
P.C.
N.D.Ind.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Indiana,
Hammond Division.
MBNA AMERICA BANK, N.A., Plaintiff,
v.
CIOE & WAGENBLAST, P.C., et al., Defendants.
**No. 2:05-CV-216.**

Oct. 20, 2005.

Glenn S. Vician, Bowman Heintz Boscia & Vician
PC, Merrillville, IN, for Plaintiff.
David C. Jensen, Karol A. Schwartz, Michael E.
O'Neill, Eichhorn & Eichhorn, Hammond, IN, for
Defendants.

OPINION & ORDER
LOZANO, J.
**\*1** This matter is before the Court on the: (1)
Motion for Judgment on the Pleadings, filed by
Defendants, Cioe & Wagonblast, P.C., Joseph B.
Cioe, Esq., and Scott W. Wagenblast, Esq., on
August 5, 2005; and (2) Motion to Strike MBNA's
Affidavit and Supporting Materials, also filed by
Defendants, on September 6, 2005. For the reasons
set forth below, the Motion for Judgment on the
Pleadings is DENIED. The Motion to Strike is
GRANTED.

BACKGROUND

On May 25, 2005, Plaintiff, MBNA America Bank,
N.A. ("Plaintiff" or "MBNA"), filed a Complaint
alleging Defendants, Cioe & Wagonblast, P.C.,
Joseph B. Cioe, Esq., and Scott W. Wagenblast,
Esq., have been conducting sham arbitrations with
MBNA's cardholders. Specifically, Plaintiff
maintains that several MBNA credit card holders

have failed to pay legitimate debts owing under
their credit card accounts and, in an attempt to
avoid paying the amounts due, the cardholders
acted in concert with Defendants to procure sham "
Arbitration Awards," which purportedly cancel the
credit card debt and award damages, costs and fees
against MBNA in favor of the cardholders. MBNA
sets forth that it has never agreed to arbitrate any of
its cardholders' disputes with Defendants and has
never participated in any such arbitrations. Rather,
the terms of MBNA's agreements with its
cardholders include mandatory arbitration
provisions, which provide that all claims and/or
disputes are subject to binding arbitration to be
conducted by the National Arbitration Forum.

Plaintiff claims Defendants intentionally interfered
with contractual relations between MBNA and its
cardholders by soliciting cardholders for these
purported arbitrations, and attempting to conduct
unauthorized arbitration proceedings to which
MBNA has never consented. MBNA seeks both
monetary and equitable relief. In their Answer,
Defendants asserted the defense of arbitral
immunity as an affirmative defense.

Defendants have filed a motion for judgment on the
pleadings, claiming that MBNA's claims are barred
by the doctrine of arbitral immunity. In its response
to Defendants' Motion for Judgment on the
Pleadings, MBNA filed an affidavit with various
attached documents. MBNA's reliance upon
materials outside the pleadings prompted
Defendants to file a motion to strike. These motions
are fully briefed and will be addressed below in turn.

DISCUSSION

Motion to Strike

As explained in more detail, *infra*, a court may rule
on a motion for judgment on the pleadings under

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 2

Not Reported in F.Supp.2d, 2005 WL 2709281 (N.D.Ind.)
**(Cite as: Not Reported in F.Supp.2d)**

Rule 12(c) based upon a review of the pleadings alone. The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452-53 (7th Cir.1998). While the Court can consider matters outside the pleadings, such a practice converts the motion for judgment on the pleadings into a motion for summary judgment. *Id.* At 453 n.5.

Absent the parties' consent, this Court is generally not inclined to convert a motion for judgment on the pleadings into one for summary judgment. This is especially true here as discovery has been stayed pending the outcome of the motion for judgment on the pleadings. Consequently, as this Court will not consider matters outside the pleadings, Defendants' Motion to Strike is GRANTED.

*Judgment on the Pleadings*

**\*2** A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have the complaint and the answer. Fed.R.Civ.P.12(c); *Northern Indiana Gun & Outdoor Shows,* 163 F.3d at 452. A motion for judgment on the pleadings "under Rule 12(c) is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan,* 107 F.3d 459, 461 (7th Cir.1997). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded allegations." *Forseth v. Village of Sussex,* 199 F.3d 363,364 (7th Cir.2000). A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Id.* at 452-53.

Defendants claim that they are entitled to arbitral immunity because all of their actions which are at issue in the Complaint were taken as a result of Defendant Cioe's role as an arbitrator. While the

doctrine of arbitral immunity is well-established in this Circuit, *International Medical Group, Inc. v. American Arbitration Association, Inc.,* 312 F.3d 833 (7th Cir.2002); *Caudle v. American Arbitration Association,* 230 F.3d 920 (7th Cir.2000); *Tamari v. Conrad,* 552 F.2d 778 (7th Cir.1977), the Court cannot posit, at this juncture, that Defendants are entitled to arbitral immunity as a matter of law.

Arbitral immunity is rooted in the doctrine of judicial immunity-because an arbitrator's role is considered the "functional equivalent" of a judge's role, courts have extended quasi-judicial immunity to individual arbitrators. See *Olson v. National Ass'n of Securities Dealers,* 85 F.3d 381, 382 (8th Cir.1996) (collecting cases); *Tamari,* 552 F.2d at 780-81 (accepting similar holdings from the Third Circuit). The policies underlying arbitral immunity thus parallel those underlying judicial immunity. That is, to protect decision makers from undue influence and to protect the integrity of the decision-making process. *Id.* ("*individuals*... cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between litigants and saddled with the burdens of defending a lawsuit ").

The Seventh Circuit has extended arbitral immunity to cases where the authority of an arbitrator to resolve a dispute is challenged. *Tamari,* 552 F.2d at 780. In *Tamari,* the plaintiffs brought suit against a selected panel of arbitrators. The plaintiffs contended that the selection and composition of the panel of arbitrators violated the terms of the parties' agreement to arbitrate and, therefore, the arbitrators did not have the right to arbitrate the dispute between the parties. The plaintiffs argued that the arbitrators should not be entitled to immunity from suit if they have no right to arbitrate the dispute in the first place. The Seventh Circuit disagreed as it analogized plaintiffs' suit against the arbitrators as an "attempt by a dissatisfied litigant to sue the members of a jury, seeking to obtain a declaration that the jury's verdict was void on the ground that the selection of the jury was improper. Such a suit would not be permitted to go forward because it would place an unfair burden on the individual jurors and would discourage other citizens from becoming jurors."*Id.* at 781.As such, the Seventh

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 3

Not Reported in F.Supp.2d, 2005 WL 2709281 (N.D.Ind.)
**(Cite as: Not Reported in F.Supp.2d)**

Circuit held that the selected arbitrators were immune from suit.

**\*3** Based upon the above recitation, it is clear that arbitral immunity attaches to all acts taken within the scope of the arbitral process. See, e.g., *Olson,* 85 F.3d 383. Nevertheless, arbitral immunity is not without its limits. A departure from this immunity arises when an arbitrator arbitrates a dispute in the clear absence of jurisdiction. *International Medical Group,* 312 F.3d at 843 (citing *New England Cleaning Services, Inc. v. American Arbitration Association,* 199 F.3d 542 (1st Cir.1999)). That is, when a demand for arbitration is so deficient on its face as to signal a "clear absence" of jurisdiction, an arbitrator should know that he does not have authority to arbitrate a dispute and, as such, will not be immune for his actions to the contrary. *New England Cleaning,* 199 F.3d at 546.

The Complaint alleges that the Defendants have engaged in sham arbitrations as part of a scheme to encourage MBNA cardholders to attempt to avoid their credit card debts and improperly interfere with MBNA's contractual relations with its cardholders. (Cmplt.¶ 2) The Complaint further alleges that the Defendants knew that the contractual relationship between MBNA and its cardholders did not authorize Defendants to conduct any arbitration involving disputes between MBNA and its cardholders. (Cmplt.¶ 15). Simply, the Complaint sets forth that Defendants were not authorized arbitrators but, rather, imposters acting in concert with cardholders in an attempt to avoid paying amounts due to MBNA. Because these facts allege Defendants acted in a clear absence of jurisdiction, this Court cannot say that Defendants are entitled to arbitral immunity as a matter of law.

Defendants make much of the fact that arbitral immunity has been extended to cases where the authority of an arbitrator to resolve a dispute is challenged; however, in those cases the arbitrators were acting as neutral entitieshaving no interest in the outcome of the underlying dispute between the parties.*International Medical Group,* 312 F.3d at 842-43;*Tamari,* 552 F.2d at 780-81. It is in that neutral roleof either judge or jurythat an arbitrator receives immunity. The allegations of Plaintiff's

Complaint are wide of this line of reasoning as it sets forth that Defendants were not playing a neutral role. Indeed, to extend immunity to a person who acts in concert with one party to conduct "sham arbitrations" in order to harm the other party would display a fundamental lack of understanding as to the established public policy rationale behind granting arbitral immunity.

As the Complaint alleges that Defendants knowingly conducted sham arbitrations in concert with MBNA's cardholders to interfere with MBNA's contractual relations with its cardholders, the cited cases by Defendant, including *Tamari,* are inapposite. On that basis, the Motion for Judgment on the Pleadings is DENIED.

### *CONCLUSION*

For the reasons set forth below, the Motion for Judgment on the Pleadings is DENIED. The Motion to Strike is GRANTED.

N.D.Ind.,2005.
MBNA America Bank, N.A. v. Cioe & Wagenblast, P.C.
Not Reported in F.Supp.2d, 2005 WL 2709281 (N.D.Ind.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.