IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK, ELAN SUISSE | ) | C.A. No. 06-275-GMS |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, ELAN SUISSE (PTY) LTD., | ) | |
| NICOGEL LTD., JOHN WALTERS, | ) | |
| DIANNE MARSHALL and MERCARI | ) | |
| FINANCIAL SERVICES (PTY) LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SERVICE OF SUBPOENA

TO:   David L. Finger, Esquire
        Finger & Slanina, P.A.
        One Commerce Center, Suite 725
        1201 North Orange Street
        Wilmington, DE  19801

PLEASE TAKE NOTICE that on November 13, 2007, pursuant to Federal Rule of Civil Procedure 45, the subpoena attached hereto was served upon Lloyds TSB Bank, 1251 Avenue of the Americas, New York, New York 10020.

- 2 -

REED SMITH LLP

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated: November 16, 2007

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

| | |
|---|---|
| ROBERT D. CHRIST<br>V.<br>BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 06-275-GMS (District of Delaware) |

TO: Lloyds TSB Bank
1251 Avenue of the Americas
New York, NY 10020

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP<br>599 Lexington Avenue, New York, NY 10022 | 11/30/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] ATTORNEY FOR PLAINTIFF | 11/12/2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Thad J. Bracegirdle, Esquire<br>Reed Smith LLP, 1201 Market Street, Suite 1501, Wilmington, DE 19801  (302) 778-7500 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

1. "You" or "your" means Lloyds TSB Bank plc and its current or former agents, employees, attorneys, parents, subsidiaries, successors and/or any other person(s) or entities acting on its behalf or over which it exercises a duty or ability of control.

2. "Document" or "documents" is used in the most expansive, comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes the originals, drafts and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise.

3. "Communication" or "communications" means any transmission or transfer of information of any kind, orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

## INSTRUCTIONS

1. Each document request seeks production of all documents described along with any attachments, drafts or non-identical copies.

2. Each document request seeks production of the documents in their entirety, without abbreviation, expurgation or redaction.

3. In responding to these requests for the production of documents, furnish all responsive documents that are available to you, including documents in the possession, custody or control of your parents, subsidiaries, agents, advisors, attorneys or anyone else acting on your behalf or otherwise subject to your control.

4. In responding to these requests for the production of documents, please make a diligent search of your records, electronic files and of other papers and materials in your possession or available to your representatives. If you cannot obtain the documents requested, please explain in your response the circumstances and what has been and is being done to obtain the documents.

5. If any documents requested herein have been lost, discarded or destroyed, they shall be identified and described as completely as possible, including, without limitation, the following information: date of disposal, reasons for disposal, person authorizing the disposal, person disposing of the document and contents of the document.

6. Each request should be construed independently and is not to be referenced to any other request herein for purposes of limitation, unless one request specifically refers to another request.

7. These requests are continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

WILLIB-56380.1

8.    The time period covered by these requests is January 1, 2004 to and including the date of the response to these requests, unless otherwise specified.

9.    Where a claim of privilege or other protection from discovery is asserted in responding or objecting to a request and any documents are not provided on the basis of such assertion:

    a.    As to each document, identify the nature of the privilege (including work product) or other claim for protection from discovery that is being claimed; and

    b.    As to each document, provide the following information: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including the author, addressee, and any other recipient of the document, and the relationship of the author, addressee, and any other recipient to each other, including the identification of each attorney acting as such; and (v) such other information as is sufficient to determine the validity of the claim of privilege or other protection from discovery.

## DOCUMENTS REQUESTED

1.    All documents and/or communications relating to Account No. 00240628 with you.

2.    All documents relating to any accounts with you held by, on behalf of or for the benefit of Brett J. Cormick, Elan Suisse (Pty) Ltd., Elan Suisse Ltd., Elan Suisse Fund Services (Jersey) Ltd. or Elan Suisse International Holdings (USA) LLC.

3.    All communications between you and Brett J. Cormick, Elan Suisse (Pty) Ltd., Elan Suisse Ltd., Elan Suisse Fund Services (Jersey) Ltd. or Elan Suisse International Holdings (USA) LLC.

NOV-16-2007 FRI 12:07 PM                    FAX NO.                              P. 01/01

Form 27 - GENERAL PURPOSE
**BRANDYWINE PROCESS SERVERS, LTD.**
**ATTN:**
U.S. SOUTHERN DIST. COURT       NEW YORK COUNTY
------------------------------------------------

ROBERT D. CHRIST                       plaintiff            Index No. 06-275GMS

        - against -                                         Date Filed ............

BRETT J. CORMICK, ETANO                defendant            Office No.

                                                            Court Date: 11/30/2007
------------------------------------------------

        STATE OF NEW YORK, COUNTY OF NEW YORK       :SS:

**RUDOLPH WRIGHT**       being duly sworn, deposes and says:
I am over 18 years of age, not a party to this action, and reside in the State of New York.
        That on the  13th  day of November, 2007    at  03:13 PM.,    at
        1251 AVENUE OF THE AMERICAS, 39TH FL.
        NEW YORK, NY 10020
I served a true copy of the
        **SUBPOENA**

upon **LLOYDS TSB BANK**
the **WITNESS** therein named,
by delivering to, and leaving personally with
    **KEVIN ROSS, COUNSEL AUTHORIZED TO ACCEPT**

a true copy of each thereof.

        Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the aforesaid service as follows:
        SEX: **MALE**          COLOR: **WHITE**          HAIR: **WHITE**
        APP. AGE: **54**       APP. HT: **5:8**          APP. WT: **170**

OTHER IDENTIFYING FEATURES: **GLASSES**


Sworn to before me this
15th  day of  November, 2007sg

KENNETH WISSNER                              RUDOLPH WRIGHT / 1022795
Notary Public, State of New York             AETNA CENTRAL JUDICIAL SERVICES
    No. 01WI4714130                          225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY                 NEW YORK, NY, 10007
Commission Expires 03/30/2010                Reference No: 2BPS92185

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 16, 2007, I caused a true and correct copy of the foregoing *Notice of Service of Subpoena* to be served on counsel for defendants as listed below, via electronic CM-ECF:

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155


Dated: November 16, 2007

/s/ Thad J. Bracegirdle
Thad J. Bracegirdle (No. 3691)