IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**ROBERT D. CHRIST'S OPPOSITION TO
BRETT J. CORMICK'S MOTION TO STRIKE EXHIBITS**

For the reasons set forth below, Robert D. Christ hereby opposes the Motion to Strike Exhibits filed by Brett J. Cormick:

1. In the Reply Brief in support of his Motion for Judgment on the Pleadings, Mr. Christ explained how Mr. Cormick, in an effort to save his insufficient counterclaims, has attempted to deflect the Court's attention away from the factual inadequacies of his pleading by resorting to procedural arguments and requests to disregard documents which properly have been placed before the Court. Mr. Cormick's Motion to Strike Exhibits is simply another attempt at implementing this strategy and should be denied.

2. Mr. Cormick's motion requests that the Court strike Exhibits A through E and footnote 1 to Mr. Christ's Reply Brief in support of his Motion for Judgment on the Pleadings.

Mr. Christ cited these exhibits in the Preliminary Statement to that brief in order to demonstrate to the Court Mr. Cormick's past history of lodging public and sensational allegations against individuals (including Mr. Christ) with whom he has had disputes. In the context of this action, where Mr. Cormick has alleged outlandish counterclaims against Mr. Christ arising from (among other things) the purported torture and abuse of Mr. Cormick by authorities in Zimbabwe, it is appropriate for the Court to consider this history in connection with evaluating the sufficiency of Mr. Cormick's claims.

   3. It is well-settled that, in determining whether Mr. Cormick has stated a valid cause of action, the Court may consider the allegations of the counterclaims, any documents relied upon or incorporated by reference in the counterclaims, *and* matters of which the Court may take judicial notice. *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Exhibits A and B to Mr. Christ's reply brief are, respectively, an article from the *Wilmington News Journal* and an online reprint of an article from the *Mail & Guardian*, a South African (not Zimbabwean, as Mr. Cormick mistakenly claims) newspaper. Under Rule of Evidence 201, the Court properly may take judicial notice of these newspaper articles as well as the fact that Mr. Cormick's counterclaims in this action as well as his prior attacks on Julius Cobbett received media coverage. *See Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1290 n.1 (9th Cir. 1986); *United States ex rel. Dingle v. Bioport Corp.*, 270 F. Supp.2d 968, 973 (W.D. Mich. 2003); *Show-World Center, Inc. v. Walsh*, 438 F. Supp. 642, 655 (S.D.N.Y. 1977); *Shell Oil Co. v. Kleppe*, 426 F. Supp. 894, 903 n.3 (D. Colo. 1977).

4.      Exhibits C, D and E, while not public records, nonetheless also should be considered by the Court. Contrary to Mr. Cormick's arguments, these documents do relate to the merits of Mr. Christ's motion. As explained in Mr. Christ's reply brief, under Supreme Court case law Mr. Cormick must plead "enough facts to state a claim for relief that is *plausible on its face*." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (emphasis added). Since Mr. Cormick's claims rely not on facts but solely on conclusory allegations concerning such elements as Mr. Christ's knowledge, Mr. Christ respectfully submits that evidence of Mr. Cormick's prior proclivity to make sensational, unsubstantiated accusations is relevant to determining the plausibility of those claims.[1]

5.      In addition, even if the Court were to disregard these exhibits in connection with Mr. Christ's Motion for Judgment on the Pleadings, evidence of Mr. Cormick's prior bad faith conduct nonetheless is germane to Mr. Christ's request for reimbursement of his fees and expenses incurred in defending against Elan Suisse Ltd.'s now-withdrawn (and obviously meritless) Lanham Act claims. *See* Reply Brief at 14-15. Moreover, it would be premature for the Court to strike the exhibits at this time before the Court has had an opportunity to consider whether it is appropriate to treat Mr. Christ's motion as one for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 13(c).

6.      In summary, Mr. Christ's submission of Exhibits A through E to his Reply Brief is neither "character assassination" nor an effort to "place such documents on the public record

---

[1] Mr. Cormick cites *In re 2TheMart.com Securities Litig.*, 114 F. Supp.2d 955 (C.D. Cal. 2000), in support of his argument that the exhibits should be stricken as "impertinent." *In re 2TheMart.com*, however, addresses a motion to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading pursuant to Rule 12(f), *see* 114 F. Supp.2d at 965, and therefore has no relevance to Mr. Cormick's present motion.

for the world to see."[2]  Rather, it is Mr. Christ's attempt to place Mr. Cormick's counterclaims in their proper context given Mr. Cormick's reliance on wholly baseless allegations, rather than facts, to support his meritless claims.

WHEREFORE, Robert D. Christ respectfully requests that Brett J. Cormick's Motion to Strike Exhibits be denied in its entirety.

> REED SMITH LLP
>
> */s/ Thad J. Bracegirdle*
> Thad J. Bracegirdle (No. 3691)
> 1201 Market Street, Suite 1500
> Wilmington, Delaware 19801
> (302) 778-7500
>
> Attorneys for Robert D. Christ

Dated:  November 16, 2007

---

[2] As Mr. Cormick notes, these documents already are in the public domain either through Mr. Christ's website or other sources.  Nonetheless, if Mr. Cormick truly is concerned about the documents taking on "greater weight" by virtue of their having been filed with the Court, Mr. Christ is willing to re-file the exhibits in question under seal pursuant to the confidentiality order entered previously in these actions.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

IT IS HEREBY ORDERED, this _____ day of _____, 2007, that Brett J. Cormick's Motion to Strike Exhibits is DENIED.

_____
Sleet, Chief Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 16, 2007, I caused a true and correct copy of the foregoing ***Robert D. Christ's Opposition to Brett J. Cormick's Motion to Strike Exhibits*** to be served on counsel for defendants as listed below, via electronic CM-ECF:

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE  19801-1155


Dated:  November 16, 2007

                                                    */s/ Thad J. Bracegirdle*
                                                    Thad J. Bracegirdle (No. 3691)