IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | C.A. No. 06-275-GMS |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBITS

1.      In his Motion to Strike Exhibits, Brett J. Cormick ("Cormick") asked the Court to strike from the record Exhibits A through E to Robert D. Christ's Reply Brief in Support of His Motion for Judgment on the Pleadings, as well as footnote 1 on page 2 thereof, on the ground that they constitute extrinsic evidence which may not properly considered in connection with the Motion for Judgment on the Pleadings of Robert D. Christ ("Christ").  The basis for the motion is that the exhibits are extrinsic to the Counterclaim and so are not properly to be considered on a motion for judgment on the pleadings, and the introduction of such documents as part of Christ's reply brief is an improper effort to smear Cormick in the eyes of the Court and on the public record..

2.      Christ first responds by arguing that the Court can take judicial notice of Exhibit A

(a newspaper article) and Exhibit B (an Internet website-based news report). (Robert D. Christ's

Opposition to Brett J. Cormick's Motion to Strike Exhibits ("Response") ¶3). Christ's legal analysis,

however, is superficial and flawed.

3.      For the Court to take judicial notice of a document, the information contained therein

must be "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." F.R.E. 201(b).  Contrary to Christ's suggestion, the mere fact that statements appear

in a newspaper or on a website does not of itself establish that the information is capable of accurate

and ready determination by resort to sources whose accuracy cannot reasonably be questioned or that

the facts are generally known in the territorial jurisdiction of the Court.  *Cofield v. Alabama Public*

*Service Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991); *U.S. ex rel. Dingle v. Bio Port Corp.*, 270

F.Supp.2d 968, 973 (W.D. Mich. 2003), *aff'd,* 388 F.3d 209 (6th Cir. 2004), *cert. denied*, 544 U.S.

949 (2005).

4.      The burden was on Christ to establish that his exhibits met the test of F.R.E. 201(b).

*Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1112 (S.D. Cal. 2006).  He has not made any effort

whatsoever to do so.  He simply asked that the Court take judicial notice.  That is not enough.[1]

---

[1]

None of the cases cited by Christ establishes that media reports are *per se* subject to judicial notice, or for what purpose they may be noticed. *See Valley Broadcasting Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1290 n.1 (9th Cir. 1986) (judicial notice limited to fact that certain event received publicity); *U.S. ex rel. Dingle*, 270 F.Supp.2d at 973 (declining to judicially notice information on website where facts were in dispute); *Show-World Center, Inc. v. Walsh*, 438 F.Supp. 642, 655 (S.D.N.Y. 1977) (limiting judicial notice to fact that event obtained publicity); *Shell Oil Co. v. Kleppe*, 426 F.Supp. 894, 903 n.3 (D. Colo. 1977) (judicial notice not taken for the truth of the facts stated in newspaper, but to show effect of publication on reader).

5.      Even beyond this, the Court should decline to take judicial notice of the media articles and strike them (as well as the other challenged exhibits) as they are irrelevant and submitted for an improper purpose. *See Pacific Gas and Elec. Co. v. Lynch*, 216 F.Supp.2d 1016, 1026 (N.D. Cal. 2002) (declining to take judicial notice of irrelevant documents); *Ochana v. Flores*, 199 F.Supp.2d 817, 831-32 (N.D. Ill. 2002), *aff'd*, 347 F.3d 266 (7th Cir. 2003) (same); *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222-23 (N.D. Cal. 2003) (declining to take judicial notice where documents are offered for an improper purpose).

6.      Christ is asking the Court to accept the documents as "evidence" that Cormick has a "past history of lodging public and sensational allegations against individuals (including Mr. Christ) with whom he has had disputes," and that this "evidence" should be considered "in connection with evaluating the sufficiency of Mr. Cormick's claims." (Response ¶ 2).  In other words, Christ asks this Court to use his exhibits as a basis for questioning the credibility of Cormick's allegations.

7.      On a motion to dismiss or for judgment on the pleadings, however, the Court may not weigh evidence or made credibility determinations.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Rohan v. Networks Presentation LLC*, 192 F.Supp.2d 434, 437 (D. Minn. 2002). Thus, Christ is asking this Court to accept into the record on a motion for judgment on the pleadings exhibits not

referred to in the Counterclaim for a purpose that is expressly forbidden by law.[2]  As such, the exhibits are irrelevant and improper.

8.    Additionally, the documents do not prove the "fact" that Christ wishes to establish, *i.e.,* that Cormick makes "sensational, unsubstantiated accusations...." (Response ¶4). Although the documents report accusations that Cormick has made against others, none of the exhibits provides the slightest shred of evidence that Cormick's accusations are false or unsubstantiated, and there is no justification in the law for so presuming.

9.    Christ's Response offers two additional theories not set forth in his reply brief, neither of which has any merit.  The first asks the Court to consider the exhibits in connection with Christ's request for attorney's fees due to Cormick's voluntary withdrawal of his Lanham Act claims. (Response ¶5). Apart from the untimely nature of this request, it is improper as Christ is attempting to rely on a one-sided presentation of unrelated alleged past conduct (without regard to the merits of such conduct) to suggest that Cormick wrongfully asserted the Lanham Act claims.   Not surprisingly, Christ has not offered any legal authority to support this argument.  Moreover, using the exhibits for such purposes would constitute character evidence forbidden by F.R.E. 404.

---

[2]

As Christ notes (Response ¶4), the United States Supreme Court recently held that, in the context of a motion to dismiss, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Christ does not explain how the introduction of extrinsic evidence allows a determination of plausibility on the face of the pleading.

It should also be noted that two weeks after *Twombly* was announced, the Supreme Court issued its ruling in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), in which the Court reaffirmed the philosophy of liberal pleading under Rule 8, and the fact that the Court must accept the allegations of the challenged pleading as true. *Id.* at 2200.

8.    Finally, Christ suggests that the Court should consider accepting the exhibits as evidence and convert his motion for judgment on the pleadings into one for summary judgment. (Response ¶5). This argument is frivolous for several reasons:

a.    First, as a matter of law, the Court may not assess credibility on a motion for summary judgment. *Hill v. City of Scranton*, 411 F.3d 118, 131 (3rd Cir. 2005); *Jordan v. Bellinger*, 123 F.Supp.2d 228, 230-31 (D. Del. 2000). As such, the exhibits serve no valid purpose.

b.    Second, as noted above, the exhibits merely indicate that Christ has made accusations against people. There is no evidence that the accusations are false or unjustified, and so the exhibits do not prove or disprove anything at issue in this litigation. As such, the documents are irrelevant and improper character evidence under F.R.E. 404.

c.    Third, if Christ wants to convert his motion for judgment on the pleadings into a motion for summary judgment, Cormick has filed an affidavit pursuant to Fed. R. Civ. P. 56(f) requesting that the motion be stayed pending completion of discovery.(C.A. No. 06-275, D.I. 62 Ex. E).[3] In light of that fact, if the Court grants Christ's request to convert the motion into one for summary judgment, then the motion should be stayed pending completion of discovery.

9.    Christ's arguments are tissue-thin, unsupported, contrary to well-established law, and amount to nothing more than pretext and subterfuge. As such, the exhibits were introduced in bad faith, and Christ's arguments to oppose striking them from the record are equally made in bad faith. Thus, the Court should award Cormick his attorney's fees in bringing and defending this motion.

---

[3]

The parties have recently agreed to extend the discovery deadline an additional six weeks due to delays in producing documents.

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as the reasons set forth in the Motion to

Strike Exhibits, Brett J. Cormick respectfully requests that the Court strike from the record Exhibits

A through E to Robert D. Christ's Reply Brief in Support of His Motion for Judgment on the

Pleadings, as well as footnote 1 on page 2 thereof.

Dated:  November 21, 2007

Respectfully submitted,


 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick