IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | C.A. No. 06-275-GMS |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION IN LIMINE TO EXCLUDE (I) EVIDENCE OF ORAL STATEMENTS TO PROVE FRAUD AND (II) EVIDENCE OF CORROBORATION OF DEFAMATORY STATEMENTS DUE TO DISCOVERY VIOLATIONS**

Defendants Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse, Ltd. hereby move to exclude (1) any proposed evidence of allegedly fraudulent oral statements, and (2) any evidence of Mr. Christ's efforts to corroborate defamatory information received from third parties on the grounds of Mr. Christ's discovery failures, and in support thereof state as follows:

1.      In his Amended Complaint, Mr. Christ asserted a fraud claim, alleging that Dr. Cormick misrepresented (i) his personal credentials and background, (ii) his relationships with

investors in South Africa, and (iii) the validity and operations of his business venture. (Am. Compl. ¶30).

2.    On July 2, 2007, Defendants propounded an interrogatory asking Mr. Christ to identify each and every false statement he claimed that Dr. Cormick made and upon which he claimed to rely in delivering $250,000 to Dr. Cormick.  On February 6, 2008, Mr. Christ finally responded to that interrogatory, listing over 200 pages of documents which he claimed contained fraudulent statements. The response further added that "Plaintiff further states that Cormick made numerous oral misstatements to him between January and March 2004 concerning, among other things, Cormick's background and experience and the nature and prospects of the Elan Suisse venture upon which Plaintiff relied in delivering $250,000 to Cormick.."  (Ex. A at 5-6).

3.    By letter dated February 11, 2008, counsel for defendants complained of the insufficiency of the response as to alleged oral misrepresentations: "Response to Interrogatory #8 refers to oral statements, but does not set forth the statements or where or when they were made. Please confirm whether or not Mr. Christ is relying on such oral statements and, if he is, please provide the details."  (Ex. B hereto).  Counsel for Mr. Christ never confirmed reliance on oral statements and never identified the specific statements he claimed to be false and upon which he claimed to rely, or where or when they were made.

4.    In his counterclaim, Dr. Cormick asserted a claim for defamation.  One of Mr. Christ's defenses appears to be that he is not personally liable because he identified the information as coming from another source.[1]

---

[1]

Mr. Christ appears unfamiliar with the saying, "tale bearers are as bad as tale tellers."  Under
(continued...)

5.      Dr. Cormick propounded interrogatories asking Mr. Christ what steps, if any, he took to corroborate the information he was receiving from third parties. Mr. Christ did not answer those interrogatories. (Ex. A, Interrogatories 11-14, 17, 19-28, 30, 42-52, 54, 57, 60, 61, 53).

6.      In a letter to Mr. Christ's counsel dated February 11, 2008, counsel for Dr. Cormick pointed out these deficiencies. (Ex. B). Mr. Christ never supplemented his responses.

7.      As a consequence of Mr. Christ's deliberate refusal to identify such oral statements in his interrogatory responses, Mr. Christ should be deemed to have waived any claims of fraud based upon such oral statements, and should be prohibited from being allowed to introduce evidence of such oral statements.

8.      As a consequence of Mr. Christ's deliberate refusal to respond to interrogatories inquiring about his corroboration of information provided to him by third parties, Mr. Christ should be precluded from offering any evidence to such effect and from arguing to the jury that he made any effort to corroborate the information before publishing it on his website.

---

[1](...continued)
both Delaware and South African law, the fact that Mr. Christ is passing on defamatory information received from third parties does not relieve him from liability.  *Short v. News-Journal Co.*, 212 A.2d 718, 719 (Del. 1965) ("[t]he general rule is that the publisher and republisher of defamatory matter are strictly accountable and liable in damages to the person defamed, and neither good faith nor honest mistake constitutes a defense, serving only to mitigate damages"); 7 W.A. Joubert, *The Law of South Africa* §236 (LexisNexis Butterworths 2005) ("[a] person who repeats, confirms or draws attention to a defamatory statement will be held to have published the statement").

WHEREFORE, for the foregoing reasons, movants respectfully request that the Court (i) preclude evidence of oral statements of Dr. Cormick in connection with Mr. Christ's fraud claim, and (ii) preclude either evidence or argument that Mr. Christ made any attempts to corroborate information provided by third parties before publishing it on his website.

Dated: March 28, 2008

Respectfully submitted,


 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BRETT J. CORMICK, ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, ELAN SUISSE (PTY) LTD., NICOGEL LTD., JOHN WALTERS, DIANNE MARSHALL and MERCARI FINANCIAL SERVICES (PTY) LTD., | ) ) ) ) ) ) ) ) ) | C.A. No. 06-275-GMS |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-60-GMS |
| ROBERT D. CHRIST, | ) ) | |
| Defendant. | ) | |

**ROBERT D. CHRIST'S SECOND SUPPLEMENTAL RESPONSES TO
FIRST SET OF INTERROGATORIES PROPOUNDED BY
BRETT J. CORMICK, ELAN SUISSE INTERNATIONAL HOLDINGS
(USA) LLC, ELAN SUISSE (PTY) LTD., AND ELAN SUISSE, LTD.**

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Robert D. Christ

("Plaintiff"), by his undersigned attorneys, hereby amends and supplements his responses, dated

August 6, 2007 and September 28, 2007 (the "Responses"), to the First Set of Interrogatories

Propounded by Brett J. Cormick, Elan Suisse International Holdings (USA) LLC, Elan Suisse

(Pty) Ltd and Elan Suisse Ltd (the "Interrogatories"):

<u>**General Objections**</u>

1.       Plaintiff hereby restates and incorporates by reference the General Objections set

forth in the Responses.

WILLIB-56988.2

2.      Plaintiff reserves the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein and the production made pursuant thereto.

3.      All of Plaintiff's general objections shall be deemed continuing throughout the responses to the specific interrogatories set forth below, even when not further referred to in said responses.  Plaintiff's general objections as set forth in the Responses are incorporated in each response set forth below.

4.      Plaintiff hereby designates all responses set forth below as CONFIDENTIAL pursuant to the terms of the Confidentiality Stipulation and Order entered by the Court in these actions.

## Objections and Responses to Individual Interrogatories

1.      State the name and last known address, e-mail address and telephone number of the person whom you describe on your website as having claimed that Cormick is a pedophile.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17775-76 as produced in response to the First Request for Production of Documents Propounded by Brett J. Cormick, Elan Suisse International Holdings (USA) LLC, Elan Suisse (Pty) Ltd and Elan Suisse Ltd (the "Request").


2.      State the name and last known address, e-mail address and telephone number of the person whom you describe on your website as the "UK sleuth."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Peter Selley, peter.selley@which.net.

- 2 -

3.     State the name and last known address, e-mail address and telephone number of the person whom you describe on your website as "the man who single-handedly ran Cormick out of England in the late 1990's."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Andre Alan Dean, last known address somewhere near Basingstoke, United Kingdom.

4.     State all facts known or related to you which you claim support the assertion that the man identified in your response to Interrogatory 3 "single-handedly ran Cormick out of England in the late 1990's."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds that Mr. Dean, by means of filing a criminal complaint against Cormick, "single-handedly ran Cormick out of England in the late 1990's."

5.     State the name and last known address, e-mail address and telephone number of the person whom you describe on your website posting as "the 21 year old college student from Georgia."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds by stating that the person referred to is Christine Gagnier, whose last known address is Boston University and whose last known e-mail address is Chrissie982@aol.com.

- 3 -

6.     State all facts known or related to you about the person whom you describe on your website as "the 21 year old college student from Georgia" to the extent that such information relates to any of the defendants or your claims in this action.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17684-88, RDC 17716-18, RDC 17728, RDC 17767-68, RDC 17779-91, RDC 17796-800, RDC 17838, RDC 17850, RDC 17906, RDC 17917-18 AND RDC 17989 as produced in response to the Request.


7.     As to each and every trip you have taken outside the United States relating to any facts alleged in your Amended Complaint, or in furtherance of any attempt to investigate or obtain information about any of the parties to these lawsuits (other than yourself) or in furtherance of pursuit of your claims, set forth (i) the city and country of your destination, (ii) the date(s) of each such trip, (iii) if you traveled by airplane, the airline and the date(s) of each flight.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:

Saturday, June 16, 2007
American Airlines # 1696
New Orleans Louis Armstrong Int'l (MSY) to Chicago O'Hare International (ORD)
Departure (MSY): June 16, 5:15 PM CDT
Arrival (ORD): June 16, 7:40 PM CDT

Saturday, June 16, 2007
American Airlines # 98
Chicago O'Hare International (ORD) to London Heathrow (LHR)
Departure (ORD): June 16, 9:50 PM CDT
Arrival (LHR): June 17, 11:30 AM BST

Sunday, June 17, 2007
British Airways # 1312

London Heathrow (LHR) to Aberdeen Dyce (ABZ)
Departure (LHR): June 17, 2:05 PM BST
Arrival (ABZ): June 17, 3:35 PM BST

Saturday, June 23, 2007
BMI # 370
Aberdeen Dyce (ABZ) to Manchester International (MAN)
Departure (ABZ): June 23, 8:00 AM BST
Arrival (MAN): June 23, 9:00 AM BST

Saturday, June 23, 2007
American Airlines # 55
Manchester International (MAN) to Chicago O'Hare International (ORD)
Departure (MAN): June 23, 10:40 AM BST
Arrival (ORD): June 23, 1:00 PM CDT

Saturday, June 23, 2007
American Airlines # 1489
Chicago O'Hare International (ORD) to New Orleans Louis Armstrong Int'l (MSY)
Departure (ORD): June 23, 2:15 PM CDT
Arrival (MSY): June 23, 4:35 PM CDT

8.    State each specific false statement you claim Cormick made and upon which you

claim you relied in delivering $250,000 to Cormick.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby

refers to communications from Brett Cormick to Robert Christ as reflected on documents

numbered RDC 05431, RDC 05449-50, RDC 05461, RDC 05463-67, RDC 05469-71, RDC

05474-82, RDC 05487, RDC 05489-96, RDC 05502-07, RDC 05543-50, RDC 05552, RDC

05554-58, RDC 05561-68, RDC 05570-72, RDC 05575-76, RDC 05579-80, RDC 05584-629,

RDC 05638-40, RDC 05681-83, RDC 05685-88, RDC 05708, RDC 05713, RDC 05717,

RDC05721-22, RDC 05726, RDC 05734, RDC 05738-39, RDC 05757-59, RDC 05762-65, RDC

05774, RDC 05805-10, RDC 05812-14, RDC05819, RDC 05824, RDC 05827, RDC 05830-36,

- 5 -

RDC 05840-42, RDC 05845-46, RDC 05848, RDC 05854-58, RDC 05861-63, RDC 05884-85, RDC 05889-92, RDC 05894, RDC 05918-19, RDC 05924, RDC 05926-27, RDC 05929, RDC 05933-36, RDC 05942-56, RDC 05960-66, RDC 05978-93, RDC 05997-6000, RDC 06002-04, RDC 06012-15, RDC 06018-19, RDC 06021, RDC 06025, RDC 06027-28, RDC 06031, RDC 06034-37, RDC 06039-40, RDC 06058, RDC 06060-61, RDC 06063, RDC 06066-68, RDC 06075, RDC 06078, RDC 07005-10, RDC 07013-24, RDC 07032, RDC 07034-36, RDC 07039-41, RDC 07044-45, RDC 07047-86, RDC 07089-121, RDC 07129-30, RDC 07135-41, RDC 07144, RDC 07147, RDC 07149-51, RDC 07167-75, RDC 07201, RDC 07207-09, RDC 07213, RDC 07244, RDC 07247, RDC 07254, RDC 07256, RDC 07285, RDC 07287, RDC 07291, RDC 07294, RDC 07296, RDC 07301, RDC 07303, RDC 07305, RDC 07313-15, RDC 07334-40, RDC 07362, RDC 07364, RDC 07367, RDC 07370-71, RDC 07374, RDC 07376, RDC 07378, RDC 07380, RDC 07394, RDC 07453-56, RDC 07473-74, RDC 07498-99, RDC 07504-05, RDC 07512-13, RDC 07527-28, RDC 07549-50, RDC 07575, RDC 07577, RDC 07584-87, RDC 07708, RDC 14577-79, RDC 14581-92, RDC 14596-601, RDC 14617-19, RDC 14621-22, RDC 14624-25, and RDC 14634-35 as produced in response to the Request.  By way of further response, Plaintiff further states that Cormick made numerous oral misstatements to him between January and March 2004 concerning, among other things, Cormick's background and experience and the nature and prospects of the Elan Suisse venture upon which Plaintiff relied in delivering $250,000 to Cormick.


9.      As to each statement identified in response to Interrogatory 8, state the date(s) each such representation was made, the location(s) where each such representation was made,

- 6 -

and the name and last known address, e-mail address and telephone number of any person who

was present when any such statement was made.

    **RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby

refers to the documents identified in response to Interrogatory No. 8.


    11.    As to the statement on your website, "From discussions with people close to

Brett, I understand that this incident ruined his business operations and caused him to move to

Zimbabwe where Jennifer's family resides," (a) state the name and last known address, e-mail

address and telephone number of each of the "people close to Brett," (b) set forth what

information you have that each of these people is close to Cormick, and the source of such

information, and (c) set forth in detail what actions you took to corroborate the statements of

these individuals.

    **RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows:  Virginie Hamel, last known e-mail

address of virginieh@aol.com; Jennifer Mortleman, address near Mutare, Zimbabwe, last known

e-mail address of jennifermortleman@googlemail.com.


    12.    As to the statement on your website, "I also understand from people very close to

Brett that this [item removed - January 2007] also caused an emotional toll," (a) state the name

and last known address, e-mail address and telephone number of each of the "people very close

to Brett," (b) set forth what information you have that each of these people is "very close" to

Cormick, and the source of such information, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Virginie Hamel, last known e-mail address of virginieh@aol.com; Jennifer Mortleman, address near Mutare, Zimbabwe, last known e-mail address of jennifermortleman@googlemail.com.

13. As to the statement on your website, "From correspondence with a friend of Cormick's [name omitted], I am told that Cormick is now forming an investment fund selling interest in funds that purchase companies that he and John Walters own (i.e., a classic 'Boiler Room' setup)," (a) state the name and last known address, e-mail address and telephone number of the "friend of Cormick's" referred to, (b) set forth what information you have that this person is a friend of Cormick, and the source of such information, and (c) set forth in detail what actions you took to corroborate the statement of this individual.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17716-17 and RDC 17917 as produced in response to the Request.

14. As to the statement on your website, "David De Leeuw stated that Brett was a 'typical promoter' (he said that he had worked with quite a few) in that he never let the truth stand in the way of promoting a project," (a) state all facts given to you by Mr. De Leeuw about

the nature and degree of familiarity he has with Cormick personally, and (b) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds that he took no notes of his telephone conversation with Mr. De Leeuw since the call took place over Plaintiff's cell phone while he was out of his office and, therefore, Plaintiff does not recall any facts conveyed to him by Mr. De Leeuw other than the facts set forth on Plaintiff's website.

15. As to the statement on your website, "Others close to Brett stated that he was always concerned about appearances (as most promoters do)," (a) state the name and last known address, e-mail address and telephone number of each of the "others close to Brett," (b) set forth what information you have that each of these people is close to Cormick, and the source of such information, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:

Virginie Hamel
virginieh@aol.com

Jennifer Mortleman
Mutare, Zimbabwe
jennifermortleman@googlemail.com

Shirley Hall
shirlxx@bigpond.net.au

Robert J. Paterson
Chairman, FLEX Group
Robert.paterson@flexbenefits.com
9th Floor, New Zealand House

80 Haymarket
London SW1Y 4TQ
United Kingdom
Phone: +44 207 590 0997

17.    As to the statement on your website, ". . . I am told (from a very close source to

Brett) that he went to Russia to check out a new technology for treatment of HIV," (a) state the

name and last known address, e-mail address and telephone number of the "very close source to

Brett," (b) set forth what information you have that this person is close to Cormick, and the

source of such information, and (c) set forth in detail what actions you took to corroborate the

statements of this individual.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows:  Jennifer Mortleman, address near

Mutare, Zimbabwe, last known e-mail address of jennifermortleman@googlemail.com.


19.    As to the statement on your website, "This paraphrased from a source close to

Brett in 1997: Brett said that when Scotland Yard arrested him, the first thing he said is that they

did it in front of his kids," (a) state the name and last known address, e-mail address and

telephone number of the "source close to Brett," (b) set forth what information you have that

each of this source is close to Cormick, and the source of such information, and (c) set forth in

detail what actions you took to corroborate the statement of this individual.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows:  Virginie Hamel, last known e-mail

address of virginieh@aol.com.

- 10 -

20.     As to the statement on your website, "According to my source, this may be the
reason why they sold the house [*I assume the West Sussex house - BC*] so soon after buying it,"
(a) state the name and last known address, e-mail address and telephone number of the "source,"
(b) set forth what information you have that each of these people is friendly with Cormick, and
the source of such information, and (c) set forth in detail what actions you took to corroborate the
statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set
forth in prior Responses, Plaintiff responds as follows:  Virginie Hamel, last known e-mail
address of virginieh@aol.com.


21.     As to the statement on your website, "During this investigation, I contacted
sources close to Cormick to get some type of idea as to what happened to my money...." (a) state
the name and last known address, e-mail address and telephone number of each of said "sources
close to Cormick," (b) set forth what information you have that each of these "sources" is close
to Cormick, and the source of such information, (c) set forth what information each of these
"sources" provided, and (d) set forth in detail what actions you took to corroborate the statements
of these "sources."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set
forth in prior Responses, Plaintiff responds as follows:  Jim Mortleman, last known e-mail
address of jimmaur@telkomsa.net.


22.     As to the statement on your website, "Brett went on a huge spending spree to
Europe during April/May of 2004 - which may explain why he steadfastly refused to give me my

- 11 -

money back," (a) state the name and last known address, e-mail address and telephone number of

each of the person who informed you that Cormick "went on a huge spending spree to Europe,"

(b) set forth what information you used to determine the credibility of such person(s), and (c) set

forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows: Jim Mortleman, last known e-mail

address of jimmaur@telkomsa.net.


23.     As to the statement on your website, "I received more information last week on

another 'investor' into Elan Suisse," (a) state the name and last known address, e-mail address

and telephone number of the person(s) who provided the information about "another 'investor'

into Elan Suisse," and (b) set forth in detail what actions you took to corroborate the statements

of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows: Christine Gagnier, last known e-mail

address of Chrissie982@aol.com.


24.     As to the statement on your website, "My sources for this 'Peter Kipps Saga' are

vulnerable to retribution by Cormick . . .,"(a) state the name and last known address, e-mail

address and telephone number of each of the "sources," (b) set forth what information each of

the "sources" provided to you, and (c) set forth in detail what actions you took to corroborate the

statements of these "sources."

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Jennifer Mortleman, last known e-mail address of jennifermortleman@googlemail.com.

25.    As to the statement on your website, "The Mees Pierson employment apparently lasted just a few months (there was some issue with Cormick's usage of the MP credit card)," (a) state the name and last known address, e-mail address and telephone number of each person who provided information to you regarding Cormick's usage of the MP credit card," (b) set forth what information you have that each of these people was in a position to know anything about Cormick's employment with Mees Pierson, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17869 and RDC 17888 as produced in response to the Request.

25.    As to the statement on your website, "'Commander Shagashe Leopards Combat Tracker Anti Poaching Unit Wildlife & Environmental Society of Zimbabwe (WEZ) Masvingo Province' – I am told by people in Zimbabwe that this is a joke," (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about that title being a "joke", (b) set forth what information each of those sources provided about that title being a "joke," and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

- 13 -

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Jim Mortleman, last known e-mail address of jimmaur@telkomsa.net.

26.    As to the statement on your website, "'Through his Family Trust, The Cormick Educational Foundation for Africa (CEFA) he is also directly involved in rural African charities for education for indigenous youth, and healthcare for the aged and disadvantaged.' I am told that there is no such organization," (a) state the name and last known address, e-mail address and telephone number of each person who told you that there is no such information, (b) set forth what basis each such person presented to you as the source of his or her information, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Jim Mortleman, last know e-mail address of jimmaur@telkomsa.net.

27.    As to the statement on your website, "I recently heard from a fellow Cormick victim," (a) state the name and last known address, e-mail address and telephone number of this "fellow Cormick victim," and (b) set forth in detail what actions you took to corroborate the statements of this "fellow Cormick victim.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Cora Adcock, address near Port Elizabeth, South Africa, last known e-mail address of cora_adcock@mweb.co.za.

- 14 -

28.     As to the statement on your website, "It seems that upon being issued a gold card by MP, the first thing Cormick used it for was to buy an expensive Rolex," (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about the alleged use of the gold card to purchase a Rolex, (b) set forth what information each of those sources provided about  the alleged purchase of the Rolex, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17869 and RDC 17888 as produced in response to the Request.

29.     As to the statement on your website, "the Telecel connection to Elan Suisse is apparent," explain in specific detail how Telecel is connected to any of the defendants.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds that Anthony Carter was imprisoned in Zimbabwe due to his role in Telecel Zimbabwe and, as he has testified by affidavit in this litigation, Mr. Carter is a member of "The Elan Suisse Group."

30.     As to the statement on your website, "I received this from a source in Australia regarding Cormick's supposed employment at Intersuisse in the late 1980's," (a) state the name and last known address, e-mail address and telephone number of said source, (b) set forth what specific information said source provided, and the basis for said source's knowledge of the facts,

and (c) set forth in detail what actions you took to corroborate the statements of these

individuals.

    **RESPONSE:** Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows:  Shirley Hall, last known e-mail address

of shirlxx@bigpond.net.au.


    31.    As to the statement on your website, "I received this series of e-mails from a very

interesting source.   It details the correspondence between Cormick and Apostolos Zographos

from 2002 and 2003," state the name and last known address, e-mail address and telephone

number of such "very interesting source."

    **RESPONSE:** Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows:  Cora Adcock, address near Port

Elizabeth, South Africa, last known e-mail address of cora_adcock@mweb.co.za.


    32.    As to the statement on your website, "I received a report today on the amount of

money Apostolos Zographos 'Invested' into Elan Suisse.   The amount was US $70,000 of which

most (if not all) was spent by Cormick for personal use," state the name and last known address,

e-mail address and telephone number of each person who provided to you information about the

alleged amount of money Apostolos Zographos allegedly invested into Elan Suisse.

    **RESPONSE:** Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, Plaintiff responds as follows:  Cora Adcock, address near Port

Elizabeth, South Africa, last known e-mail address of cora_adcock@mweb.co.za.

33.    As to the statement on your website, "I just received what is the best definition of Cormick I have gotten to-date from a source in RSA . . .. He also used the term 'unscrupulous con artist' in describing Cormick," (a) state the name and last known address, e-mail address and telephone number of such 'source in RSA', (b) set forth what information such source provided about his or her personal knowledge about Cormick, and (c) set forth in detail what actions you took to corroborate any factual statements about Cormick made by this source.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Alex McAlery, last known e-mail address of amc@global.co.za.

35.    As to the statement on your website, "Yesterday was a busy day.  I received permission to post a series of documents.  These documents detail a background check performed on Cormick in 2000," state the name and last known address, e-mail address and telephone number of each person who gave you the posted documents referred to and who gave you permission to post those documents.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Alex McAlery, last known e-mail address of amc@global.co.za.

36.    As to the statement on your website, "I received more overnight from Cormick's time in England," state the name and last known address, e-mail address and telephone number of each person who provided to you such documents and/or information.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Virginie Hamel, last known e-mail address of virginieh@aol.com.

37.    As to the statement on your website, "I am including the below from my RSA contact because Cormick gave me the same story...," state the name and last known address, e-mail address and telephone number of such "RSA contact."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Alex McAlery, last known e-mail address of amc@global.co.za.

40.    As to the statement on your website, "Received this rather interesting detail on one of Cormick's attempted scams from a source in Australia...," state the name and last known address, e-mail address and telephone number of the person who provided to you such information, and set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Bruce Lyman, last known e-mail address of bruce.lyman@argus-solutions.com.

41.    As to the statement on your website, "According to sources in Zimbabwe who are familiar with the divorce proceedings, Cormick is completely destitute (as filed in sworn court documents) and will not be able to afford to pay child support for his three children [in

Zimbabwe] until he is 'back on his feet again,'" (a) state the name and last known address, e-mail address and telephone number of each of the "sources in Zimbabwe who are familiar with the divorce proceedings," (b) set forth what information each of those sources provided about the divorce proceedings and the basis for their knowledge, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Jennifer Mortleman, last known e-mail address of jennifermortleman@googlemail.com; Jim Mortleman, last known e-mail address of jimmaur@telkomsa.net.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further refers to sworn statements and court filings made by Brett Cormick in the matter styled *In the Matter Between Jennifer Anne Cormick and Brett John Cormick*, the High Court of Zimbabwe, as produced in response to the Request.


42.     As to the statement on your website, "According to sources in Australia, Cormick has never paid child support for his son [James in Australia] from his first marriage (a) state the name and last known address, e-mail address and telephone number of each of the "sources in Australia,"(b) set forth what information each of those sources provided about the support payments and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17864-65 as produced in response to the Request.

43.    As to the statement on your website, "It seems that upon being issued a gold card by MP, the first thing Cormick used it for was to buy an expensive Rolex, (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about the alleged use of the gold card to purchase a Rolex, (b) set forth what information each of those sources provided about  the alleged purchase of the Rolex, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17869 and RDC 17888 as produced in response to the Request.

44.    As to the statement on your website, "I have subsequent information that maintenance is being paid on James, but it is reportedly being paid by Brett Cormick's father, Neil Cormick," (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about Neil Cormick paying Brett Cormick's maintenance obligations, (b) set forth what information each of those sources provided about the Neil Cormick paying Brett Cormick's maintenance obligations, and the basis for their knowledge of it, and(c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17864-65 as produced in response to the Request.

- 20 -

45.    As to the statement on your website, "I received more information from Cormick's business setup at European Venture Finance" (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about Cormick's business setup at European Venture Finance, (b) set forth what information each of those sources provided about Cormick's business setup at European Venture Finance, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17692, RDC 17869, RDC 17886-89 and RDC 17911 as produced in response to the Request.

46.    As to the statement on your website, "From sources within Zimbabwe, I received today a summary of the divorce proceedings between Cormick and Jennifer Anne Mortleman," (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about the divorce proceedings between Cormick and Jennifer Anne Mortleman, (b) set forth what information each of those sources provided, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Jennifer Mortleman, last known e-mail

address of jennifermortleman@googlemail.com; Jim Mortleman, last known e-mail address of jimmaur@telkomsa.net.

47.    As to the statement on your website, "...as well as this from a close friend of Cormick's referencing Walters' involvement as well as explaining the scam's structure...," (a) state the name and last know address, e-mail address and telephone number of this "close friend of Cormick's, (b) set forth the facts upon which you base your conclusion that this person is a "close friend of Cormick's," and (c) set forth in detail what actions you took to corroborate the information provided by this individual.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Christine Gagnier, last known e-mail address of Chrissie982@aol.com.

48.    As to the statement on your website, "I have information that South African crime fighting authorities are investigating Elan Suisse," (a) state the name and last known address, e-mail address and telephone number of each person who provided to you information about South African crime fighting authorities investigating Elan Suisse,  (b) set forth what information each of those sources provided about South African crime fighting authorities investigating Elan Suisse, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Julius Cobbett, last known e-mail address of Julius@moneyweb.co.za.

49.    As to the statement on your website, "I had another report yesterday from a close inside source that Cormick keeps as many as eight SIM chips for his cell phone at all times," (a) state the name and last known address, e-mail address and telephone number of the "close inside source," (b) set forth what information each of those sources provided about Cormick keeping as many as eight SIM chips for his cell phone, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Christine Gagnier, last known e-mail address of Chrissie982@aol.com.


50.    As to the statement on your website, "I have received a report from a separate source that Cormick is 'freeloading' (my source's words) at Rick Crook's house in Harare," (a) state the name and last known address, e-mail address and telephone number of such source, (b) set forth what information such source provided about the basis for his or her knowledge of Cormick's activities, and (c) set forth in detail what actions you took to corroborate the statements of such source.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Jim Mortleman, last known e-mail address of jimmaur@telkomsa.net.


51.    As to the statement on your website, "I received feedback from Cormick's incident with the management of BZW Meares in Australia before leaving for the UK," (a) state

the name and last known address, e-mail address and telephone number of each person who

provided to you information about "Cormick's incident with the management of BZW Meares in

Australia," (b) set forth what information each of those sources provided, and the basis for their

knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of

these individuals.

    **RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby

refers to documents numbered RDC 17858-67 as produced in response to the Request.


    52.    As to the statement on your website, "I received a report from sources within

Zimbabwe that Cormick is stating that he cannot find work because this investigation and

resultant web page has 'ruined his reputation'," (a) state the name and last known address, e-mail

address and telephone number of each person who provided to you information about Cormick

making such statement, (b) set forth what information each of those sources provided, and the

basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the

statements of these individuals.

    **RESPONSE:**  Subject to and without waiving the objections to this interrogatory set

forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby

refers to sworn statements and court filings made by Brett Cormick in the matter styled *In the*

*Matter Between Jennifer Anne Cormick and Brett John Cormick*, the High Court of Zimbabwe,

as produced in response to the Request.

- 24 -

54.    As to the statement on your website, "From sources within Zimbabwe, Cormick is representing this his source of income is from friends who are 'giving him money' so that he can continue to take international trips with his children to expensive resort areas in Europe and such," (a) state the name and last known address, e-mail address and telephone number of each person who provided to you such information,  (b) set forth what information each of those sources provided, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds that the source of this information is correspondence written by counsel for Cormick in connection with his divorce proceedings pending in Zimbabwe.


55.    As to the statement on your website, "I recently received a series of Brett Cormick business cards from an interesting source," state the name and last known address, e-mail address, telephone number and e-mail address, e-mail address of such "interesting source."

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Jim Mortleman, last known e-mail address of jimmaur@telkomsa.net.


56.    As to the statement on your website, "Based upon credible reports I have gotten this morning from two separate sources, Brett Cormick was arrested today in Harare, Zimbabwe under suspicion of Fraud and Externalization of Foreign Currency," state the name and last

known address, e-mail address, telephone number and e-mail address, e-mail address of the individual(s) providing such "credible reports."

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Patrice Dhliwayo, last known e-mail address of dhliwayo@lumison.co.uk; Raphael Tsivama, counsel for Plaintiff in Zimbabwe, last known e-mail address of mkushi@ecoweb.co.zw.

57.    As to the statement on your website, "I have been informed by sources within Zimbabwe that Cormick's indictment has been issued along with the warrant for his arrest," (a) state the name and last known address, e-mail address, e-mail address, e-mail address and telephone number of each person who provided to you such information ions,  (b) set forth what information each of those sources provided tom you, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Patrice Dhliwayo, last known e-mail address of dhliwayo@lumison.co.uk.

59.    As to the statement on your website, "...others are jumping onto the bandwagon of researching this Walters/Cormick fiasco," state the name and last known address, e-mail address, e-mail address, e-mail address and telephone number of each of these "others."

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Peter Selley, peter.selley@which.net.

- 26 -

60.    As to the statement on your website, "I had a very interesting one-hour conversation today with one of the main players (who chooses to remain unnamed, but you can probably figure out who he is) in this little drama," (a) state the name and last known address, e-mail address, e-mail address, e-mail address and telephone number of such person, (b) set forth what information such person provided, and the basis for their knowledge of it, and (c) set forth in detail what actions you took to corroborate the statements of this person.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows:  Andre Alan Dean, last known address near Basingstoke, United Kingdom.

61.    As to the statement on your website, "According to sources close to the situation, Brett Cormick has recently undergone cosmetic surgery," (a) state the name and last known address, e-mail address, e-mail address, e-mail address and telephone number of each person who provided to you information about Cormick having cosmetic surgery, (b) set forth what specific information each of those sources provided, and (c) set forth in detail what actions you took to corroborate the statements of these individuals.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17914 as produced in response to the Request.

62.    To the extent not already identified in response to any other of these interrogatories, (a) state the name and last known address, e-mail address, e-mail address, e-mail address and telephone number of each individual who provided a statement or statements,

documents or information about any of the parties to this litigation (other than Mr. Christ), (b) as to each such individual, state what information and/or documents they provided (including any written statements), and (c) as to each individual, set forth what efforts you undertook to corroborate the information they provided and to determine their credibility.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds that all such individuals have been identified in response to other interrogatories.

69.    State the names, last known address, e-mail addresses, and telephone numbers of all persons from whom the following types of statements have been obtained with regard to the facts alleged in the pleadings.

(a)    Written (in any medium, including electronic) and signed;

(b)    Written (in any medium, including electronic) but unsigned;

(c)    Oral;

(d)    Recorded interview.

In addition, specify the following as to each statement obtained.

(a)    The date of the statement;

(b)    The names, last known address, e-mail addresses, and telephone numbers of the parties in custody of each statement or transcript of the statement;

(c)    The names, last known address, e-mail addresses, and telephone numbers of the parties who obtained the statements;

(d)    Whether the statements were obtained on your behalf;

(e)     Whether the statements were obtained on the direction of or pursuant to the instructions of your attorney.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff states that no formal statements concerning the facts alleged in this action have been obtained.  To the extent any e-mails from individuals concerning those facts can be considered "statements," pursuant to Federal Rule of Civil Procedure 33(d) Plaintiff hereby refers to the documents identified in response to the interrogatories above.

70.     With reference to any report, memorandum, or resume prepared by you or anyone acting on your behalf but not necessarily limited to any investigatory, insurance adjuster, or other person (of which you may have knowledge, although not prepared at your direction) pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each date given, state;

(a)     The name, address, e-mail address, and telephone number of the person or persons who prepared such writing and the name address, e-mail address and identity of the employer of such person or persons;

(b)     Whether such writing was prepared by you or on your behalf;

(c)     The number of pages of such writing.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff states that no reports, memoranda or resumes have been prepared concerning the facts alleged in this action.  To the extent any e-mails from individuals concerning those facts can be considered "reports," pursuant to Federal Rule of Civil Procedure 33(d) Plaintiff hereby refers to the documents identified in response to the interrogatories above.

- 29 -

71.    State whether you or any person acting on your behalf has taken any photographs or motion pictures or made any sketches, plots or other drawings of any of the facts or items referred to in the pleadings.  If yes, as to each such photograph, motion picture, sketch, plot or other drawing state:

(a)    The nature of each such reproduction;

(b)    By whom the reproduction was taken or made and their last known telephone number, address and e-mail address;

(c)    When the reproduction was taken or made;

(d)    The subject matter portrayed;

(e)    Whether the reproduction was taken or made on your behalf;

(f)    Whether the reproduction was taken or made at your attorney's request;

(g)    The names, last known address, e-mail addresses, and telephone numbers of the parties in custody of such reproduction.

**RESPONSE:**  Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff states that neither he nor any person acting on his behalf has taken any photographs or motion pictures or made any sketches, plots or other drawings of any of the facts or items referred to in the pleadings.


74.    State the name and present or last known address, e-mail address and telephone number of each individual who is performing any sort of detective of investigatory work for Christ, directly or indirectly, relating to any of the allegations and/or claims made in the above-captioned actions.

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Peter Selley, peter.selley@which.net.

75.     As to the statement on your website that "According to his family, Brett had a series of extra-marital affairs which culminated in [let's call it] a 'association' with a girl in Masvingo named Lori Gloss," state (i) the name and last known address and telephone number of each and every person who provided you with this information, and (ii) the name of each woman with whom Cormick is alleged to have had an extra-marital affair."

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, Plaintiff responds as follows: Jennifer Mortleman, last known e-mail address of jennifermortleman@googlemail.com; Jim Mortleman, last known e-mail address of jimmaur@telkomsa.net.

76.     As to the statement on your website that Cormick had an affair with a woman named "Alexis," state the name and last known address, telephone number and e-mail address of each person who provided you with any information about this alleged affair and the alleged woman named "Alexis."

**RESPONSE:** Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17858-62 as produced in response to the Request.

77.     As to the statement on your website that "According to sources in Australia, [Cormick] was run out of Australia due to the incident at BZW Mears," state the name and last

known address, telephone number and e-mail address of each person who provided you with information about Cormick being "run out of Australia due to the incident at BZW Mears."

RESPONSE: Subject to and without waiving the objections to this interrogatory set forth in prior Responses, and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby refers to documents numbered RDC 17864-65 as produced in response to the Request.

REED SMITH LLP

Thad J. Bracegirdle (No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated:  February 7, 2008

# FINGER & SLANINA, LLC
### ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

February 11, 2008

**Via fax and first class mail**
Thad J. Bracegirdle, Esq.
Reed Smith LLP
1201 N. Market St., Ste. 1500
Wilmington, DE 19801

Re:    **Christ v. Cormick**

Dear Thad:

I received Mr. Christ's supplemental interrogatory responses. Unfortunately, they continue to be incomplete and inadequate. To wit:

1.    Response to Interrogatory #2 does not include a last known address and telephone number, and does not state that Mr. Christ does not have such information.

2.    Response to Interrogatory #8 refers to oral statements, but does not set forth the statements or where or when they were made. Please confirm whether or not Mr. Christ is relying on such oral statements and, if he is, please provide the details.

3.    Responses to Interrogatories #11, 12, 13, 14, 17, 19, 20, 21, 22, 23, 24, 25 (both), 26, 27, 28, 30, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 57, 60, 61 and 63 do not include any response to part (c) (also part (b) as to Interrogatory 30).

4.    You skipped Interrogatories 53 and 62-68 altogether.

5.    There is no verification from Mr. Christ.

As for improperly redacted documents, I do not recall telling you that only the numbered documents I cited were the ones that needed to be unredacted. Rather, I gave those citation as examples. By way of further example, RDC 17686, 17688 and 17838 also are edited. As your client is the one that elected to provide redacted copies, without even a privilege list, it is incumbent upon you to review the documents to ensure that you are producing the entire document. It is improper to expect us to do your work for you. If you so insist, that is yet a further reason that the trial must be postponed.

Thad J. Bracegirdle, Esq.
February 11, 2008
2

       Finally, I forwarded to you the revised letter to Judge Sleet last night.  Please advise by 1:00 p.m. whether you have any issues with it.  If I do not heard otherwise from you, I will assume there is no objection, and proceed to file the letter.

       As always, please do not hesitate to contact me if you have any questions.


       Very truly yours,


       David L. Finger