IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA), | ) ) ) ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-60-GMS |
| ROBERT D. CHRIST, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE DEPOSITION TESTIMONY OF MR. CHRIST'S PROPOSED WITNESSES**

Plaintiff Robert D. Christ hereby respectfully submits this memorandum of law in opposition to the Motion *In Limine* to Exclude the Deposition Testimony of Mr. Christ's Proposed Witnesses (D.I. 102) filed by Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and plaintiff Elan Suisse Ltd. (collectively, "Movants"):

1. As Movants note, Mr. Christ intends to introduce at trial the deposition testimony of Alan Dean, Bruce Lyman, Carl Palmer and Gordon Subloo. Each of these witnesses testified during their deposition as to their own personal dealings with Mr. Cormick. In each case, the witness testified that Mr. Cormick had defrauded him and/or did not otherwise act honestly or truthfully:

- Mr. Dean testified that he was the victim of an "advance fee" scam through which Mr. Cormick was paid £70,000 for purported investment banking services which Mr. Cormick never provided. *See* D.I. 102 Ex. A. Mr. Cormick induced Mr. Dean to pay these fees based, in part, on representations concerning his

- educational background and work experience. *See id.* at 8. Mr. Dean later filed criminal charges against Mr. Cormick in the United Kingdom for which Mr. Cormick was arrested, but which ultimately were not pursued after Mr. Cormick fled the country. *See id.* at 15-16, 20-21.

- Mr. Lyman, the CEO of a publicly traded Australian biometrics company, testified that he had several meetings with Mr. Cormick relating to raising capital from African investors for Mr. Lyman's company. *See* D.I. 102 Ex. B. In an attempt to secure Mr. Lyman's business, Mr. Cormick made false representations concerning his purported military background to Mr. Lyman, who himself was formerly in the Australian military and intelligence services. *See id.* at 10-11. Mr. Lyman ultimately did not do business with Mr. Cormick after Mr. Cormick proposed a business structure designed solely to "hide money." *Id.* at 16.

- Mr. Palmer, the CEO of a publicly traded water purification company, testified that Mr. Cormick made fraudulent misrepresentations to him and others concerning potential investments in a company created to market Mr. Palmer's water purification technology. *See* D.I. 102 Ex. C. Mr. Cormick induced Mr. Palmer to do business with him based, in part, on representations concerning his work experience. *See id.* at 9-10, 20-21.

- Mr. Subloo testified that he, like Mr. Dean, also was the victim of an "advance fee" scam through which Mr. Cormick was paid £40,000 to purportedly raise capital for Mr. Subloo's business. *See* D.I. 102 Ex. D. Mr. Cormick likewise induced Mr. Subloo to retain his "services" by making numerous representations concerning his education, work and military experience. *See id.* at 6-7. After Mr. Cormick never performed the services for which he charged the fees, Mr. Subloo filed criminal fraud charges with U.K. authorities which similarly were not pursued when Mr. Cormick left the country. *See id.* at 29-32.

2. In arguing that these witnesses will present impermissible "character" evidence, Movants either misconstrue or misapprehend the relevance of the testimony. Federal Rule of Evidence 404(b) makes clear that evidence of other crimes, wrongs, or acts, while not admissible to prove the character of a person, "may … be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." F.R.E. 404(b). Accordingly, numerous courts have held that evidence of other fraudulent acts, if similar to the fraud with which the defendant is charged, is admissible to demonstrate, *inter alia*, a plan or scheme to defraud, the intent to profit by deceiving another, and the absence of mistake or good faith. *See, e.g., U.S. v. Edelmann*, 458 F.3d 791, 810 (8th Cir.

2006); *U.S. v. Shelton*, 99 Fed. Appx. 136, 139 (9th Cir. 2004); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 379 (6th Cir. 1997); *U.S. v. Route*, 104 F.3d 59, 63 (5th Cir. 1997); *U.S. v. Wonderly*, 70 F.3d 1020, 1023 (8th Cir. 1995); *U.S. v. Osum*, 943 F.2d 1394, 1404 (5th Cir. 1991); *U.S. v. Schardar*, 850 F.2d 1457, 1463 (11th Cir. 1988); *Baldwin v. Warwick*, 213 F.2d 485, 486 (9th Cir. 1954); *Castle v. Bullard*, 64 U.S. 172, 186-87 (1859).[1]  While the extrinsic acts must be similar to be admissible, they need not be identical to the fraud alleged against the defendant.  *See Morganroth*, 123 F.3d at 379; *Route*, 104 F.3d at 63.  Evidence of other fraudulent acts also is admissible even if it occurred years before the conduct giving rise to the claims.  *See, e.g., Edelmann*, 458 F.3d at 810 (district court properly admitted evidence of fraud which took place 15 years before the crime with which defendant was charged).  Courts also have recognized that such evidence is not prejudicial when the trial court properly issues an instruction informing the jury as to the purpose and limitations of the evidence.  *See Shelton*, 99 Fed. Appx. at 139-40; *Route*, 104 F.3d at 63.

3.  Here, the testimony from Messrs. Dean, Lyman, Palmer and Subloo relates to prior fraudulent acts undertaken by Mr. Cormick which bear a striking resemblance to Mr. Christ's allegations.  In each case, Mr. Cormick sought the up-front payment of fees or an "investment" which would afford the victim an opportunity to profit from Mr. Cormick's purported experience and connections in the worldwide financial markets.  In each case, the

---

[1] This is the case because, as the U.S. Supreme Court observed nearly 150 years ago:

> Actions ... where fraud is of the essence of the charge, necessarily give rise to a wide range of investigation, for the reason that the intent of the defendant is, more or less, involved in the issue.  Experience shows that positive proof of fraudulent acts is not generally to be expected, and for that reason, among others, the law allows a resort to circumstances, as the means of ascertaining the truth.

*Castle*, 64 U.S. at 187.

victim was seduced by misrepresentations about Mr. Cormick's educational background, experience and service with the Australian intelligence services. Most importantly, in each case any funds provided to Mr. Cormick vanished without the receipt of any consideration in return. The similarity of these facts to Mr. Christ's allegations justify their admission as evidence to prove, *inter alia*, Mr. Cormick's fraudulent intent, a common scheme to defraud, and a lack of good faith on Mr. Cormick's part.

4. Moreover, to the extent the challenged testimony relates to Mr. Cormick's character, it nonetheless is admissible under the exception provided by Rule 404(a)(3), which permits character evidence "as provided in rules 607, 608 and 609." F.R.E. 404(a)(3). Under Rule 608(a), Mr. Cormick's credibility as a witness "may be attacked … by evidence in the form of opinion or reputation" if the evidence refers "to character for truthfulness or untruthfulness." F.R.E. 608(a). Rule 609(b) also permits inquiry on cross-examination into evidence of specific instances of conduct "concerning the witness' character for truthfulness or untruthfulness." Evidence of Mr. Cormick's prior fraudulent conduct, since it relates to Mr. Cormick's credibility as a witness, is therefore admissible under Rules 609 and 404(a)(3). *See, e.g., U.S. v. Lora-Pena*, 227 Fed. Appx. 162, 168 (3d Cir. 2007); *U.S. v. Irizarry*, 341 F.3d 273, 311 (3d Cir. 2003); *U.S. v. Montani*, 204 F.3d 761, 768 (7th Cir. 2000). Mr. Cormick's credibility is especially important in this case, where the facts largely will be discerned from the parties' conflicting testimony and the jury will need to make critical decisions about the witnesses' trustworthiness.

5. Movants also misapprehend the relevance of the challenged testimony to Mr. Christ's defamation defenses. Even assuming *arguendo* that the testimony of Messrs. Dean, Lyman, Palmer and Subloo does not relate to Mr. Cormick's reputation in the relevant community – *i.e.*, potential investors and businessmen who are Cormick's purported clientele – it

nonetheless substantiates certain statements on Mr. Christ's website which Movants allege are defamatory. This testimony therefore is not "character" evidence, but admissible fact evidence relating directly to the truth of the allegedly defamatory statements. *See, e.g., DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1155 (Del. 1981) ("It is hornbook law that truth is an absolute defense to a defamation action.").

6. There also is no basis upon which to exclude the testimony of Mr. Lyman or Mr. Palmer on the grounds that they are impermissibly furnishing "expert" opinions. To the extent either individual offered opinion testimony, such opinions were not based on scientific, technical or specialized knowledge, but rather were rationally based on each witness's perception, as explained in full during their depositions. *See* D.I. 102 Ex. B at 21-23; Ex. C at 9-10, 16. Therefore, their opinions, if any, are admissible under Federal Rule of Evidence 701.

7. Finally, the fact that Mr. Dean or Mr. Subloo may have referred to notes during their depositions does not justify excluding their testimony entirely, and *La Chemise Lacoste v. Alligator Co., Inc.*, 60 F.R.D. 164 (D. Del. 1973), does not hold differently. If either witness refreshed his recollection with documents during his testimony, the proper remedy is production of those documents to Movants, *not* exclusion of the deposition testimony. *See id.* at 168.

WHEREFORE, Mr. Christ respectfully requests that the Motion *In Limine* to Exclude the Deposition Testimony of Mr. Christ's Proposed Witnesses be denied.

REED SMITH LLP

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated: April 7, 2007

- 5 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA), | ) ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Thad J. Bracegirdle, hereby certify that on April 7, 2008, I caused a true and correct copy of the foregoing *Memorandum of Law in Opposition to Motion in Limine to Exclude Deposition Testimony of Mr. Christ's Proposed Witnesses* to be served on counsel for defendants as listed below, electronically via CM/ECF.

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Dated: April 7, 2008

/c/ Thad J. Bracegirdle
Thad J. Bracegirdle (No. 3691)