IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. CHRIST, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA), | ) |
| Defendants. | ) |
| ELAN SUISSE LTD., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 07-60-GMS |
| ROBERT D. CHRIST, | ) |
| Defendant. | ) |

**ANSWERING MEMORANDUM OF LAW IN OPPOSITION TO
MOTION IN LIMINE TO PRECLUDE HEARSAY TESTIMONY**

Plaintiff Robert D. Christ hereby respectfully submits this memorandum of law in opposition to the Motion *In Limine* to Preclude Hearsay Testimony (D.I. 104) filed by Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse Ltd. (collectively, "Movants"):

1. Through their motion, Movants seek an order excluding from trial "any testimony from Mr. Christ, and any related documents derived from investigation rather than his personal observation." In doing so, Movants ask this Court to impose a blanket restriction on all allegedly hearsay evidence without identifying the specific evidence to which they object. Mr. Christ respectfully submits that it is improper for Movants to seek such relief and requests that the Court decline to grant it.

2. Movants' application is based on the incorrect premise that "Mr. Christ is not a percipient witness to the facts which he alleges were misrepresented, or many of the false accusations making up the defamation claim." Motion ¶ 4.[1] To the contrary, Mr. Christ will testify from his personal knowledge as to, *inter alia*, his dealings with Mr. Cormick, the fraudulent statements made to him upon which his claims are based, and the facts which prove the falsity of those statements. To the extent Movants challenge whether Mr. Christ will testify as to his own personal observations or information he has derived from other sources, Mr. Christ should be given the opportunity at trial to lay the foundation for his knowledge. *See* 1 *McCormick on Evidence* § 10 (6th ed. 2006). If Mr. Christ's testimony at trial indicates that his knowledge relies upon out-of-court statements, then Movants may make an appropriate hearsay objection. *See id.*

3. It is inappropriate at this stage, however, to preclude on a wholesale basis all evidence which Movants allege *may* be hearsay – particularly when Movants have not identified with specificity which pieces of information they contend are objectionable. As to any particular out-of-court statement as to which Mr. Christ may testify, it may fall within any number of exceptions to the hearsay rule, or it may not constitute hearsay at all. *See* F.R.E. 801, 803. Without giving Mr. Christ an opportunity to demonstrate that particular pieces of information are not hearsay, or fall within one of the exceptions to hearsay, it is unfair for Movants to ask for a blanket limitation on all such information.

---

[1] Movants also state incorrectly that the witnesses other than Mr. Christ from whom testimony will be provided have no relevant knowledge concerning these actions. *See* Motion ¶ 3. As Mr. Christ explains in his responses to Movants' other motions *in limine*, these witnesses' testimony relates to, *inter alia*, Mr. Cormick's intent, knowledge, lack of good faith, reputation and credibility.

4. Mr. Christ respectfully submits that the proper and more reasoned approach is for the parties and the Court to consider, on a case-by-case basis, whether specific pieces of evidence are inadmissible hearsay. To that end, Movants already have noted their objections to Mr. Christ's proposed trial exhibits in the Pre-Trial Order. At trial, Mr. Christ should be afforded an opportunity to lay the foundation that his testimony is based on his personal knowledge as derived from his own senses. If Movants believe that Mr. Christ's testimony violates Rule 602 or is based on hearsay, they can object as appropriate and Mr. Christ can, in turn, be afforded an opportunity to prove that the proffered evidence is admissible. Precluding the introduction of *all* information derived from third parties or documents, without identifying the objectionable information or permitting Mr. Christ to rebut Movants' objections, will unfairly prejudice Mr. Christ's ability to present his case.

WHEREFORE, for the foregoing reasons, Mr. Christ respectfully requests that the Motion *In Limine* to Preclude Hearsay Testimony be denied.

REED SMITH LLP

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated: April 7, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA), | ) ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Thad J. Bracegirdle, hereby certify that on April 7, 2008, I caused a true and correct copy of the foregoing *Answering Memorandum of Law in Opposition to Motion in Limine to Preclude Hearsay Testimony* to be served on counsel for defendants as listed below, electronically via CM/ECF.

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Dated: April 7, 2008

/c/ *Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)

WILLIB-58324.1