IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST,<br><br>Plaintiff,<br><br>v.<br><br>BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA),<br><br>Defendants. | ) | C.A. No. 06-275-GMS |
| ELAN SUISSE LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT D. CHRIST,<br><br>Defendant. | ) | C.A. No. 07-60-GMS |

**ANSWERING MEMORANDUM OF LAW IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE (I) EVIDENCE OF ORAL STATEMENTS TO PROVE FRAUD AND (II) EVIDENCE OF CORROBORATION OF DEFAMATORY STATEMENTS DUE TO DISCOVERY VIOLATIONS**

Plaintiff Robert D. Christ hereby respectfully submits this memorandum of law in opposition to the Motion *In Limine* to Exclude (i) Evidence of Oral Statements to Prove Fraud, and (ii) Evidence of Corroboration of Defamatory Statements due to Discovery Violations (D.I. 105) filed by defendants Brett J. Cormick and Elan Suisse International Holdings (USA) LLC and plaintiff Elan Suisse Ltd. (collectively, "Movants"):

1. Through their motion, Movants ask the Court to preclude Mr. Christ from offering certain evidence at trial based on Mr. Christ's purported failure to answer interrogatories. Specifically, Movants seek such relief based on Mr. Christ's alleged failure to (i) identify with

specificity oral misstatements upon which he relied in delivering $250,000 to Mr. Cormick; and (ii) identify actions he took in corroborating certain statements posted on his website.

2. As Movants state, their counsel sent a single letter concerning the supplemental interrogatory responses served by Mr. Christ on February 6, 2008. *See* Motion Ex. B. After sending this letter, however, Movants never followed up with Mr. Christ's counsel concerning the claimed deficiencies, otherwise conferred with Mr. Christ's counsel on the interrogatory responses, or sought relief from the Court. Having sat on their rights and failed to resolve these discovery issues by other, less drastic means, Movants cannot now seek the remedy of precluding Mr. Christ from offering evidence at trial. *See Connors v. Beth Energy Mines, Inc.*, 920 F.2d 205, 211 (3d Cir. 1990) (party's refusal to answer interrogatory did not justify exclusion of evidence where opposing party could have sought clarification or moved to compel); *Talbert v. Kelly*, 799 F.2d 62, 66 (3d Cir. 1986) (estoppel based on failure to answer interrogatories was not appropriate where party seeking discovery did not move to compel or seek sanctions pursuant to Rule 37).

3. Conspicuously, Movants do not claim to have been prejudiced by Mr. Christ's alleged failure to answer interrogatories – because they cannot do so. Movants took full advantage at Mr. Christ's deposition to inquire about his oral communications with Mr. Cormick and the statements upon which he relied in sending funds to Mr. Cormick. *See, e.g.*, Christ Dep., Vol. I, at 39-48 (attached hereto as Ex. A). Movants similarly questioned Mr. Christ at great length about the efforts he undertook to corroborate dozens of statements on his website. *See id.* at 192-263. Having obtained this information through deposition, Movants did not suffer any prejudice from the purported deficiencies in Mr. Christ's interrogatory answers and, as such, there is no basis for granting the preclusive relief they seek. *See Brown v. Interbay Funding*

*LLC*, 198 Fed. Appx. 223, 225-26 (3d Cir. 2006) (relief not justified where plaintiffs could not demonstrate any prejudice from defendant's failure to respond adequately to interrogatories).

4. Finally, Movants' own dilatory conduct weighs against the entry of any relief due to Mr. Christ's purported "discovery violations." For example, Mr. Cormick and Elan Suisse International Holdings (USA) LLC to this day have not produced banking records that Mr. Christ first requested on May 29, 2007. Movants have refused to do so notwithstanding numerous requests by Mr. Christ's counsel and the fact that, since Movants have the legal right and ability to obtain such records from the relevant financial institutions, they fall squarely within Movants' possession, custody and control. Additionally, Mr. Cormick has to date failed to comply with this Court's order, entered on February 29, 2008, that he produce his personal banking records for the past two years. Having completely disregarded their own discovery obligations, Movants can hardly be heard to complain about whether Mr. Christ responded adequately to interrogatories.

WHEREFORE, for the foregoing reasons, Mr. Christ respectfully requests that the Motion *In Limine* to Exclude (i) Evidence of Oral Statements to Prove Fraud, and (ii) Evidence of Corroboration of Defamatory Statements due to Discovery Violations be denied.

REED SMITH LLP

Thad J. Bradegirdle (No. 3691)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated: April 7, 2007

# EXHIBIT A

# REDACTED

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROBERT D. CHRIST,<br>Plaintiff,<br>v.<br>BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA),<br>Defendants. | ) | C.A. No. 06-275-GMS |
| ELAN SUISSE LTD.,<br>Plaintiff,<br>v.<br>ROBERT D. CHRIST,<br>Defendant. | ) | C.A. No. 07-60-GMS |

**CERTIFICATE OF SERVICE**

I, Thad J. Bracegirdle, hereby certify that on April 7, 2008, I caused a true and correct copy of the foregoing ***Answering Memorandum of Law in Opposition to Motion In Limine to Exclude (I) Evidence of Oral Statements to Prove Fraud, and (II) Evidence of Corroboration of Defamatory Statements Due to Discovery Violations*** to be served on counsel for defendants as listed below, electronically via CM/ECF.

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Dated: April 7, 2008

Thad J. Bracegirdle (No. 3691)