IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, | ) ) ) | C.A. No. 06-275-GMS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE (I) EVIDENCE OF ORAL STATEMENTS TO PROVE FRAUD AND (II) EVIDENCE OF CORROBORATION OF DEFAMATORY STATEMENTS <u>DUE TO DISCOVERY VIOLATIONS</u>**

1. In the motion *in limine*, movants Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse, Ltd. Sought to exclude (1) any proposed evidence of allegedly fraudulent oral statements, and (2) any evidence of Mr. Christ's efforts to corroborate defamatory information received from third parties on the grounds of Mr. Christ's discovery failures.

2. Mr. Christ responds that the motion should be denied because movants failed to seek assistance from the Court or follow up further. The irony of Mr. Christ's argument is that his

discovery deficiency came after he had already been instructed by the Court to identify specifically statements he alleged to be fraudulent.

3. On July 2, 2007, Dr. Cormick propounded interrogatories, including one that said "State each specific false statement you claim Cormick made and upon which you claim you relied in delivering $250,000 to Cormick." On or about August 6, 2007, Mr. Christ responded, but instead of identifying each statement, he simply referred generally to the 17,000+ pages of documents he produced in a non-native format which counsel for movants was unable to search.

4. Movants complained that this response violated Fed. R. Civ. P. 33(g), but Mr. Christ refused to alter his position. This resulted in a teleconference with the Court on October 3, 2007, wherein the Court instructed counsel for Mr. Christ to serve an amended response either identifying with specificity the alleged fraudulent statements, or at least identify the specific documents which purported to contain the alleged fraudulent statements.

5. Despite constant requests for such response, Mr. Christ dragged out until the end of written discovery, and then on February 7, 2008, submitted a supplemental response identifying 200 pages of documents purporting to contain fraudulent statements, and tacked on to the end of that list: "Plaintiff further states that Cormick made numerous oral misstatements to him between January and March 2004 concerning, among other things, Cormick's background and experience and the nature and prospects of the Elan Suisse venture upon which Plaintiff relied in delivering $250,000 to Cormick." (Motion *in Limine* Ex. A). This, notwithstanding the clear instruction of the Court.

6. Mr. Christ should not be allowed to argue that movants did not seek assistance from the Court, when his response came in response to instruction from the Court, and disobeyed such instruction.

7.    Mr. Christ also states there was no prejudice because movants were able to take Mr. Christ's deposition. Because of Mr. Christ's delay in responding and his personal schedule, however, his deposition could not take place until near the end of discovery, thereby precluding movants from engaging in further discovery to gather evidence to meet the claim of falsity.

8.    Finally, Mr. Christ asks the Court to engage in "tit for tat" judging, stating that the Court should deny this motion because Dr. Cormick has failed in his own unrelated discovery obligations. However, as Mr. Christ knows full well, Dr. Cormick has made efforts to obtain the banking records, and has given counsel a copy of the letters requesting the banking records. Mr. Christ has no evidence whatsoever that Dr. Cormick has not made a sincere effort to comply. By contrast, Mr. Christ made no effort to comply with Dr. Cormick's request that Mr. Christ specify the claimed oral statements.

WHEREFORE, for the foregoing reasons, movants respectfully request that the Court (i) preclude evidence of oral statements of Dr. Cormick in connection with Mr. Christ's fraud claim, and (ii) preclude either evidence or argument that Mr. Christ made any attempts to corroborate information provided by third parties before publishing it on his website.

Dated: April 14, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse Ltd.