IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA), | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | **PUBLIC VERSION –** |
| ROBERT D. CHRIST, | ) | **REDACTED** |
| | ) | |
| Defendant. | ) | |

**OPENING MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SANCTIONS AGAINST BRETT J. CORMICK**

Plaintiff Robert D. Christ hereby respectfully submits this memorandum of law in

support of his motion pursuant to Federal Rule of Civil Procedure 37(d) for an order imposing

sanctions against defendant Brett J. Cormick for his failure to appear for deposition after being

served with proper notice:

### Background

Mr. Christ brings this motion reluctantly and only now that it is clear that Mr. Cormick,

despite the best efforts of counsel, will take any actions necessary to avoid giving his deposition

in these actions.  In fact, Mr. Cormick's conduct in unilaterally acting to postpone his validly

noticed deposition twice – after the discovery cut-off in these actions already had expired –

demonstrates his complete lack of respect for any duties or obligations under this Court's rules

and has effectively precluded Mr. Christ from taking Mr. Cormick's deposition prior to trial. For these reasons, Mr. Christ has no choice but to seek the Court's intervention and request that the Court impose the harshest sanctions permitted under Rule 37.

Mr. Christ literally has been attempting to schedule Mr. Cormick's deposition for months. Counsel for Mr. Christ first inquired about Mr. Cormick's availability for deposition, and his ability to travel to the United States to be deposed, last fall. *See* Ex. A (e-mail dated Nov. 27, 2007, ███████████████████████████████████████████████████████████ ███████████████████████████████████). After several weeks of asking when Mr. Cormick would be available, Mr. Christ's counsel was told for the first time on January 7, 2008 that Mr. Cormick's passport had been seized by the ██████ government and, accordingly, that he was unable to travel outside ██████████ for a deposition. *See* Ex. B (e-mails dated Dec. 10, 2007 and Jan. 7, 2008). Several weeks later (after the discovery cut-off already had been extended twice), Mr. Cormick still had not informed his counsel whether his passport had been returned or when he could be deposed. *See* Ex. C (e-mail dated Feb. 15, 2008: ████████████ ██████████████████████████████████████); Ex. D (e-mail dated Feb. 21, 2008: █████████████████████████████████████████████████████ ██████████████████████████████). 

Since Mr. Cormick continued to claim that he could not travel outside ██████████ ██████, counsel agreed that he would be deposed in that country either in person or by teleconference. By late February, however, Mr. Cormick still had not informed his counsel where exactly in ██████ he was located. *See* Ex. E (e-mail dated Feb. 25, 2008: ██████████ ██████████████████████████████████████████████████████). At

the same time, Mr. Cormick first claimed that he would be unable to travel to a deposition location, even within ████, because of his "impecunious condition." *Id.*

On February 28, 2008, Mr. Cormick finally informed his counsel that he was living in a remote section of ████. *See* Ex. F (e-mail dated Feb. 28, 2008). Shortly thereafter, Mr. Cormick agreed to give his deposition on March 27 and 28, 2008. *See* Ex. G (e-mail dated Mar. 3, 2008). Counsel for the parties then agreed that Mr. Cormick would travel from ████ ████. Based on that agreement, and Mr. Cormick's commitment to dates certain for his deposition, counsel for Mr. Christ noticed the deposition (*see* Ex. H) and made non-refundable travel arrangements to take the deposition in ████.

After these arrangements had been made, Mr. Cormick raised for the first time on March 12, 2008 his "concern" that, if his deposition were held in ████ on Thursday and Friday, March 27-28, the unreliable weekend bus service in rural ████ would be unable to get him home on Saturday, March 29. *See* Ex. I (e-mail dated Mar. 12, 2008). Based on these claimed difficulties, Mr. Cormick proposed rescheduling his deposition to the week of April 14-18 – after the date when the parties' pre-trial order is due to be filed with the Court. *See* Ex. J (e-mail dated Mar. 13, 2008). Further complicating matters, Mr. Cormick then went on a trip for more than a week, during which time he purportedly was unable to contact his counsel (*see* Ex. K (e-mail dated Mar. 16, 2008)) – effectively forcing Mr. Christ's counsel to choose between postponing the deposition or flying to ████ without knowing whether Mr. Cormick would appear to testify. While Mr. Christ's counsel initially resisted postponement, during a telephone conference on March 24, 2008, the Court indicated that it would permit the parties to amend their pre-trial order after Mr. Cormick's deposition. Following this conference, Mr. Cormick agreed

to appear for deposition in ▮ on April 16 and 17, 2008. *See* Ex. L (e-mail dated Mar. 31, 2008: ▮).

Relying on this commitment, Mr. Christ's counsel re-noticed Mr. Cormick's deposition (*see* Ex. M) and again made non-refundable arrangements to travel to ▮. Once again, however, Mr. Cormick made sure that he would be unable to appear at the time and place to which he agreed. On April 7, 2008, less than one week before Mr. Christ's counsel was re-scheduled to travel to ▮, Mr. Cormick's counsel informed Mr. Christ's counsel that he received an e-mail from Mr. Cormick stating that the ▮ government had returned his passport but, at the same time, had denied his application for residency. According to Mr. Cormick, he was leaving ▮ "immediately." On April 8, 2008, Mr. Cormick's counsel stated that Mr. Cormick would be leaving ▮ and relocating to ▮ "by the end of this week" (Ex. N (e-mail dated Apr. 8, 2008)) – *i.e.*, prior to his scheduled deposition in ▮. Thus, Mr. Cormick again unilaterally postponed his deposition by suddenly and intentionally leaving ▮ with the knowledge that his deposition would be taking place there the following week. Despite requests that he do so, Mr. Cormick has not produced copies of any documentation from ▮ proving the denial of his application or when he is required to leave the country.[1]

Making matters worse, Mr. Cormick – notwithstanding his lack of funds or ▮ – now is moving to a location ▮ ▮. He also has done

---

[1] ▮

so without any reasonable prospects of scheduling his deposition prior to the pre-trial conference

scheduled for May 8, 2008, or even the trial scheduled to begin on May 27, 2008. While the

return of Mr. Cormick's passport clears the way for him to travel to Delaware, he undoubtedly

will claim he lacks the financial ability to do so. In short, Mr. Cormick has perpetually evaded

giving his deposition in this matter as required under the Federal Rules and shows no sign of

ceasing. As such, the Court should exercise its discretion under Rule 37(d) to sanction Mr.

Cormick to fullest extent permissible, including but not limited to dismissing his counterclaims

and entering judgment on Mr. Christ's claims against him.

### Argument

Rule 37(d) provides that "[i]f a party ... fails ... to appear before the officer who is to

take the deposition, after being served with proper notice ... the court in which the action is

pending may make such orders in regard to the failure as are just, and among others it may take

any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Fed. R. Civ. P. 37(d). The sanctions available to the Court under this rule include, but are not

limited to, (a) an order that certain matters or facts shall be taken to be established; (b) an order

refusing to allow the party to support or oppose designated claims or defenses, or prohibiting the

party from introducing designated matters in evidence; and (c) an order striking pleadings,

dismissing the action or any part thereof, or rendering a judgment by default against the

disobedient party. *See* Fed. R. Civ. P. 37(b)(2).

The imposition of sanctions under Rule 37(d) is not limited strictly to those situations

where a party does not physically appear for deposition at the appointed time and place. Rather,

"parties may not escape sanctions simply by notifying the attorney who noticed the deposition

that they will not appear. Such notification does not excuse a party's failure to appear, and will

not serve as a substitute for a motion for a protective order. Moreover, an attorney who receives

such a notification need not attend the deposition as scheduled and wait in vain for an appearance." 7 *Moore's Federal Practice* § 37.91[1], at 37-160 to 37-161 (rev. ed. 2007). Where a party repeatedly has postponed a deposition due to his purported inability to appear, as Mr. Cormick has done here, such conduct will merit sanctions. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (holding that a party's forced cancellation of his deposition by notifying counsel on two occasions that he would not appear constituted a "failure to appear" under Rule 37(d)). When a party fails to appear for a properly scheduled deposition, courts have not hesitated to enter default judgments or orders of dismissal against them. *See, e.g.*, *id.* at 947-49; *U.S. v. DiMucci*, 110 F.R.D. 263, 267-68 (N.D. Ill. 1986); *Hall v. Leon County Building Supply Co., Inc.*, 84 F.R.D. 372 (N.D. Fla. 1979); *Soroori v. City of Berkeley*, 133 F.3d 929 (TABLE), *disposition reported at* 1997 WL 813107 (9th Cir. Dec. 17, 1997) (attached as Ex. O).

As did the plaintiff in *Henry*, Mr. Cormick has, through his actions, continued to unilaterally postpone his deposition without justification and well past the discovery cut-off set by the Court. With the help of an ever-changing litany of excuses – ranging from the lack of a passport, unreliable bus service in ▮▮▮▮▮, and now his sudden departure for ▮▮▮▮▮ – Mr. Cormick has failed to appear for his properly noticed deposition in violation of this Court's rules. In addition, Mr. Cormick has cost Mr. Christ approximately $1,700 in non-refundable airfare to ▮▮▮▮, not to mention additional thousands of dollars in attorneys' fees expended by counsel in attempting to schedule the deposition. As such, the entry of sanctions under Rule 37(d) is justified. Since Mr. Cormick claims to be destitute, monetary sanctions would have no effect. Therefore, Mr. Christ respectfully submits that dismissal of Mr. Cormick's counterclaims and/or entry of default judgment against Mr. Cormick on Mr. Christ's affirmative claims are appropriate remedies for Mr. Cormick's egregious conduct.

## Conclusion

For the foregoing reasons, Mr. Christ respectfully requests that the Court, pursuant to Federal Rule of Civil Procedure 37(d), enter an order for sanctions against Mr. Cormick for his repeated failure to appear for deposition after receiving proper notice.

REED SMITH LLP

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated:  April 16, 2008

**Original filed with the Court April 9, 2008**

# EXHIBIT A
# REDACTED

# EXHIBIT B

# REDACTED

# EXHIBIT C
# REDACTED

# EXHIBIT D
# REDACTED

# EXHIBIT E
# REDACTED

# EXHIBIT F
# REDACTED

# EXHIBIT G
# REDACTED

# EXHIBIT H
# REDACTED

# EXHIBIT I
# REDACTED

# EXHIBIT J
# REDACTED

# EXHIBIT K
# REDACTED

# EXHIBIT L
# REDACTED

# EXHIBIT M
# REDACTED

# EXHIBIT N
# REDACTED

# EXHIBIT O



133 F.3d 929 (Table)
133 F.3d 929 (Table), 1997 WL 813107 (9th Cir.(Cal.))
**Unpublished Disposition**
**(Cite as: 133 F.3d 929, 1997 WL 813107 (9th Cir.(Cal.)))**

Page 1

**C**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
Richard SOROORI, Plaintiff-Appellant,
v.
CITY OF BERKELEY; Berkeley Police Department; Butler, Police Chief; Cohen, Officer, Defendants-Appellees.
**No. 97-15255.**

Submitted Dec. 15, 1997. [FN**]
FN** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4.

Decided Dec. 17, 1997.
Appeal from the United States District Court for the Northern District of California F. Steele Langford, Magistrate Judge, Presiding

Before: SNEED, LEAVY, and TROTT, Circuit Judges.

MEMORANDUM [FN*]
FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 Richard Soroori appeals pro se the dismissal of his action pursuant to 42 U.S.C. § 1983. Soroori contends that the district court erred by dismissing the action as a sanction for discovery violations because: he was not served with proper notice of depositions, the defendants failed to attempt to resolve the discovery dispute informally, his appear-ance at a subsequent deposition resolved the dispute, and the sanction of dismissal was too severe. We affirm the district court's judgment.

We review the dismissal of an action for discovery violations for abuse of discretion. See *Henry v. Gill Industries, Inc.,* **983 F.2d 943, 946 (9th Cir.**1993). We review the district court's fact findings for clear error. *See id.* **at 947.**

The district court may dismiss an action if a plaintiff willfully, with fault, or in bad faith refuses to appear at a deposition after being served with proper notice, *see* Fed.R.Civ.P. 37(d); *Henry,* **983 F.2d at 946,** and the plaintiff's misconduct threatens to interfere with the rightful decision of the case, *see Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir.1995) (discussing dismissal pursuant to court's inherent power). In deciding whether dismissal was proper, we consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy in favor of disposing of cases on their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir.1997).

Soroori's first amended complaint listed the following address: P.O. Box 40476, Berkeley, CA. The defendants sent a notice of deposition for November 1, 1996, to this address. Soroori did not appear for the deposition. On November 1, the defendants sent Soroori a letter at the same address. On November 8, 1996, Soroori left a telephone message that he had not received the deposition notice and that his post office box number was 40444 On November 8, the defendants sent a deposition notice for November 13 to both addresses. Again, Soroori did not appear.

The defendants filed a motion for sanctions on December 5, 1996. On December 11, Soroori went

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

133 F.3d 929 (Table)                                                    Page 2
133 F.3d 929 (Table), 1997 WL 813107 (9th Cir.(Cal.))
**Unpublished Disposition**
**(Cite as: 133 F.3d 929, 1997 WL 813107 (9th Cir.(Cal.)))**

to defense counsel's office, and the parties stipulated that the deposition would take place on January 6, 1997. Soroori appeared on January 6, but the deposition was terminated after he sought to read a statement into the record. The action was dismissed on January 9.

First, Soroori contends that he was not served with proper notice of the November 1 deposition when the defendants sent the notice to his old address despite his informing them of his new address at the September 5 case management conference. We find no clear error in the district court's finding that Soroori received actual notice of the November 1 deposition because in his response to the motion to dismiss, he acknowledged receiving defense counsel's subsequent letter at the old address. *See Henry,* **983 F.2d at 947.**

**\*\*2** Second, Soroori contends that the defendants' motion for sanctions was deficient because they did not first confer with him and attempt to resolve the dispute without court action. This contention lacks merit because a motion for discovery sanctions based on failure to appear at a deposition need not include a certification that the parties attempted to confer. *See* Fed.R.Civ.P. 37(d) (certification required if party failed to answer interrogatories or to respond to request for inspection).

Third, Soroori contends that because he attended the January 6 deposition, the district court erred by considering his earlier conduct. This contention lacks merit; the resolution of a discovery dispute does not preclude a finding of prejudice to defendants, for delay can interfere with the rightful decision of the case. *See Henry,* **983 F.2d at 948.**

Finally, Soroori contends that the district court erred by dismissing the action because he did not receive the second deposition notice until November 13, the date the deposition was to be held, and because the district court did not consider less drastic sanctions. This contention lacks merit.

The public's interest in expeditious resolution of lit-

igation and the district court's need to manage its dockets weigh in favor of dismissal. *See Payne,* 121 F.3d at 507. We agree with the district court's conclusion that Soroori interfered with the rightful decision of the case because despite receiving actual notice, he willfully failed to appear at the November 1 deposition, and he in bad faith failed to attempt to reschedule the November 13 deposition until after the defendants filed their motion for sanctions on December 5. *See Anheuser-Busch, Inc.,* 69 F.3d at 348; *Henry,* **983 F.2d at 948** (bad faith misconduct is misconduct not shown to be outside plaintiff's control). Thus, the risk of prejudice to defendants also weighs in favor of dismissal: *See Payne,* 121 F.3d at 507.

The public policy favoring disposition of cases on their merits weighs against dismissal. *See id.* The availability of less drastic sanctions does not weigh heavily in either direction. The district court did not try the monetary sanction suggested by defendants, nor any other lesser sanctions, but the defendants' motion for sanctions warned Soroori of the possibility of dismissal. *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1168 (9th Cir.1994). Nonetheless, given Soroori's repeated bad faith avoidance of his deposition, the district court did not abuse its discretion in dismissing the action. *See Henry,* **983 F.2d at 946.**

AFFIRMED.

133 F.3d 929 (Table), 1997 WL 813107 (9th Cir.(Cal.)), Unpublished Disposition

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA), | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, Thad J. Bracegirdle, hereby certify that on April 16, 2008, I caused a true and correct

copy of the foregoing ***Opening Memorandum of Law in Support of Plaintiff's Motion for***

***Sanctions Against Brett J. Cormick (Public Version – Redacted)*** to be served on counsel for

defendants as listed below, electronically via CM/ECF.

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Dated: April 16, 2008

　　　　　　　　　　　　　　　　 */s/ Thad J. Bracegirdle*_____
　　　　　　　　　　　　　　　　 Thad J. Bracegirdle (No. 3691)