IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-275-GMS |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**ROBERT D. CHRIST'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR ENTRY OF DEFAULT JUDGMENT AND ATTORNEYS' FEES**

Robert D. Christ respectfully submits this memorandum of law in further support of his motion, pursuant to Federal Rules of Civil Procedure 54(d)(2) and 55(b)(2), for entry of judgment against Brett J. Cormick, Elan Suisse International Holdings (USA) LLC ("Elan Suisse USA"), and Elan Suisse Ltd. ("Elan Suisse UK") awarding compensatory and punitive damages plus costs, interest, attorneys' fees and expenses (D.I. 128 in C.A. No. 06-275; D.I 84 in C.A. No. 07-60):

**Introduction**

The lingering question that remains from this litigation is "what happened to Mr. Christ's money?" Over the past four years, Mr. Christ has sought the answer to this simple question in a court of competent jurisdiction but has endured a seemingly never-ending litany of obfuscation

and red herrings offered by Mr. Cormick and his co-defendants.  When Mr. Cormick no longer could avoid answering this question, he chose to accept a default judgment rather than face the claims brought against him – but not before his evasive tactics extracted thousands more from Mr. Christ in needless fees paid to counsel on multiple continents.  Through the present motion, Mr. Christ seeks merely to be made whole and respectfully submits that Mr. Cormick should not be rewarded for his blatant abuse of the federal courts.

While Mr. Cormick sarcastically bade Mr. Christ "good luck trying to collect" the default judgment to which he voluntarily consented (*see* Op. Mem. Ex. A at 14), his former counsel now argues that Mr. Christ is trying to hit "the default judgment lottery" (Ans. Mem. at 6).  These two statements are hopelessly contradictory – if Mr. Cormick is penniless, then it should not matter to him how much Mr. Christ is awarded in damages.  The degree to which Mr. Cormick contested this litigation before he ultimately capitulated, however, suggests otherwise.  If Mr. Cormick truly is judgment-proof and lacks the financial resources to defend the claims against him, he would have consented to a default judgment long ago.  Instead, he intentionally caused Mr. Christ to incur hundreds of thousands of dollars in litigation expenses while all along attempting to avoid the merits of Mr. Christ's claims.

While the Answering Memorandum cites the "fact" that Mr. Cormick has no money to pay a judgment (Ans. Mem. at 14), it is important to note that Mr. Cormick has ***never*** furnished any evidence proving that he is destitute.  First, Mr. Cormick failed to produce evidence concerning his bank records in discovery, claiming for months that financial institutions would not respond to his requests for statements.  Even when the Court ordered Mr. Cormick to produce records of his financial condition, he never did so.  Finally, when Mr. Cormick faced giving a deposition during which he could have testified as to his financial condition, he simply

gave up. In today's online world, where one can access his account balances and other financial information in minutes, Mr. Cormick's repeated failures to prove his financial condition are inexcusable. Moreover, they provide just one example of Mr. Cormick's bad faith in conducting this litigation.

The opposition to Mr. Christ's motion attempts to rehash the merits of the litigation, citing selectively to Mr. Christ's deposition transcript. Of course, Mr. Christ does not have the same opportunity to cite to Mr. Cormick's testimony, since he abandoned the litigation rather than submit to a deposition. Nonetheless, the time for Mr. Cormick to defend the merits of Mr. Christ's claims was at trial, an opportunity that Mr. Cormick waived voluntarily. Having done so, the only inquiry before the Court is to what extent Mr. Christ is entitled to default judgment in an amount greater than $250,000. As such, Mr. Christ will limit his arguments to this discrete issue rather than address the personal attacks levied against him.

## Argument

### I. Mr. Christ Is Entitled to an Appropriate Award of Compensatory Damages.

The Answering Memorandum incorrectly labels all of Mr. Christ's compensatory damages as "special damages" and, as such, relies upon the faulty premise that Mr. Christ's request is barred by Federal Rule of Civil Procedure 9(g) (*see* Ans. Mem. at 2).[1] "When a claim may result in the recovery of both general and special damages, general damages are defined as the actual damages that are the natural consequences of the wrongful act, while special damages are those that, although resulting from the commission of the wrong, are unusual for the claim in question and not normally associated with the claim." 2 *Moore's Fed. Practice* § 9.08[1][a] (3d

---

[1] As such, the authorities cited with respect to the level of specificity required to allege special damages (*see O'Keefe v. Niagara Mohawk Power Corp.*, 714 F. Supp. 622, 634 (N.D.N.Y. 1989); *Duncan v. Duncan*, 1998 WL 42070, at *2 (Del. Fam. Ct. Jan. 9, 1998)) are inapposite.

ed. 2007 Supp.) (footnotes omitted). In the draft pre-trial order, Mr. Christ identified and itemized certain components of his damages claim as "special" so as not to waive any damages at trial based on the distinction between general and special damages. Nonetheless, for the reasons set forth in the Opening Memorandum, each of the items claimed by Mr. Christ in his motion constitutes an element of consequential and general damages which flows directly from defendants' conduct and is encompassed by Mr. Christ's claim for relief in his amended complaint.[2]

## II.    Mr. Christ Is Entitled to an Appropriate Award of Punitive Damages.

As the Answering Memorandum concedes, an award of punitive damages is warranted when "fraud is gross, oppressive or aggravated." *Stephenson v. Capano Devel., Inc.*, 462 A.2d 1069, 1076-77 (Del. 1983). To the extent Mr. Christ may be required to prove Mr. Cormick's "state of mind" (Ans. Mem. at 6), Mr. Cormick's refusal to submit to a deposition makes this task virtually impossible. Nonetheless, Mr. Cormick's complete failure to provide any meaningful discovery, or to otherwise account for the whereabouts of Mr. Christ's funds, is telling. Despite months of discovery requests, Mr. Cormick never provided any information or documents concerning his disposition of Mr. Christ's "investment." As late as the May 8, 2008 hearing before the Court, Mr. Cormick's former counsel admitted that he had no idea what had happened to Mr. Christ's $250,000, representing only that "[i]t's gone." Op. Mem. Ex. A at 14. If Mr. Cormick had a legitimate explanation for his actions, he easily could have provided one

---

[2] To the extent Mr. Christ seeks reimbursement of expenses incurred in giving his deposition, he does not do so simply because he had to travel to "the jurisdiction where he filed suit" (Ans. Mem. at 4). Rather, once Mr. Cormick abandoned his defense of this litigation, it became clear to Mr. Christ that his two days of deposition testimony were wholly unnecessary and resulted solely from Mr. Cormick's bad faith strategy of driving up Mr. Christ's litigation costs.

during discovery. His decision not to do so should leave no doubt that his actions in defrauding Mr. Christ were intentional and malicious.

Moreover, had Mr. Cormick not abandoned his defense of this action, Mr. Christ would have proven at trial that Mr. Cormick's actions were but one instance of a pattern of conduct through which, over the past years, Mr. Cormick has defrauded a number of individuals throughout the world. Of course, Mr. Christ never had the opportunity to present this record to the Court. Accordingly, should the Court wish to hold an evidentiary hearing on damages, Mr. Christ will gladly furnish the evidence establishing the wanton and willful nature of defendants' conduct. *See Deshmukh v. Cook*, 630 F. Supp. 956, 960 (S.D.N.Y. 1986) (cited at Ans. Mem. at 6) (an evidentiary hearing "is especially called for where a plaintiff seeks punitive damages, since the lie with the discretion of the court and depend upon the degree of wanton and willful conduct of the defendant").

### III.     Mr. Christ Is Entitled to an Award of Attorneys' Fees.

Mr. Cormick's bad faith in his conduct of this litigation – as well as the related litigation in South Africa and Pennsylvania – has been well documented in Mr. Christ's present motion as well as his previous Motion for Sanctions (*see* D.I. 116 in C.A. No. 06-275; D.I. 74 in C.A. No. 07-60).[3] As those pleadings make clear, Mr. Christ does not seek reimbursement of attorneys' fees and expenses because Mr. Cormick "dared to defend himself" (Ans. Mem. at 12); rather, the evidence already before the Court proves that Mr. Cormick intentionally conducted the litigation

---

[3] The Answering Memorandum argues incorrectly that Mr. Christ has not provided evidence that Elan Suisse UK's claims in Civil Action No. 07-60 "were frivolous" (Ans. Mem. at 12). Mr. Christ previously requested reimbursement of his fees incurred in defense of that action in his Motion for Judgment on the Pleadings (*see* D.I. 42 in C.A. No. 07-60) and, for the reasons set forth therein, he is entitled at a minimum to an award of $40,661.46 as compensation for those fees.

in such a manner as to maximize Mr. Christ's costs while at the same time avoiding the merits of Mr. Christ's claims as long as possible.  Once his deposition was imminent and he could no longer evade the Court's compulsory process, Mr. Cormick simply surrendered rather than give testimony under oath.  As explained above, Mr. Cormick's claim that he conceded to a default due solely to financial reasons rings hollow and is unsupported by any evidence.

The Answering Memorandum also argues that Mr. Christ has not furnished sufficient evidence in support of his request for attorneys' fees.  In the event the Court believes such backup documentation is necessary or would be helpful – or if the Court holds an evidentiary hearing to determine the proper amount of Mr. Christ's judgment – Mr. Christ will furnish this evidence to the Court and defendants' former counsel.

### IV.     There Is No Dispute that Mr. Christ Is Entitled to Pre-Judgment Interest.

The Answering Memorandum rightly does not contest an award of pre-judgment interest at the legal rate on any compensatory damages awarded to Mr. Christ (*see* Ans. Mem. at 15). Instead, it argues only that such interest should not be awarded on punitive damages or attorneys' fees, two sums for which Mr. Christ does not seek pre-judgment interest (*see* Op. Mem. at 8-9). There likewise is no dispute that the proper legal rate to be awarded to Mr. Christ is 7%. Accordingly, any judgment to Mr. Christ for compensatory damages, even if solely for his $250,000 "investment," should include an award of pre-judgment interest.

**<u>Conclusion</u>**

For the foregoing reasons, and for the reasons set forth in his Opening Memorandum, Mr. Christ respectfully requests that the Court enter judgment against Mr. Cormick, Elan Suisse USA and Elan Suisse UK and award him damages and reasonable attorneys' fees and expenses in the amounts previously itemized, plus pre-judgment interest.

        REED SMITH LLP

        */s/ Thad J. Bracegirdle*
        Thad J. Bracegirdle (No. 3691)
        1201 Market Street, Suite 1500
        Wilmington, Delaware 19801
        (302) 778-7500

        Attorneys for Robert D. Christ

Dated:  June 17, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2008, a true and correct copy of ***Robert D. Christ's Reply Memorandum in Support of His Motion for Entry of Default Judgment and Attorneys' Fees*** was served on counsel as listed below, via electronic CM-ECF:

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155


Dated: June 17, 2008

                */s/ Thad J. Bracegirdle*
                Thad J. Bracegirdle (No. 3691)