IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. CHRIST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　C.A. No. 06-275-GMS<br>)<br>)<br>)<br>)<br>) |
| ELAN SUISSE LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT D. CHRIST,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　C.A. No.  07-060-GMS<br>)<br>)<br>) |

## MEMORANDUM

## I.  INTRODUCTION

Presently pending before the court is plaintiff, Robert D. Christ's ("Christ") Motion for Default Judgment and Attorneys' Fees against defendants, Brett J. Cormick ("Cormick") and Elan Suisse International Holdings (USA) LLC, *et al.* (collectively, the "Defendants"). (D.I. 128.)[1] In his motion, plaintiff seeks an award for compensatory and punitive damages, plus costs, interest, attorneys' fees and expenses. *Id.* at 1.  For the reasons that follow, the court will grant in part and deny in part plaintiff's motion.  Specifically, the court will grant plaintiff's requests for: (a) compensatory damages in the amount of $250,000, plus pre-judgment interest at the legal rate as of

---

[1] The "D.I." numbers cited in this memorandum all refer to the docket in C.A. No. 06-275-GMS.

March 16, 2004, and (b) punitive damages in the amount of $25,000. The court, however, denies

without prejudice plaintiff's request for attorneys' fees and expenses incurred in connection with

the above-captioned, 06-275-GMS and 07-060-GMS actions.[2]

## II.    BACKGROUND

On April 27, 2006, Christ filed suit against the Defendants for breach of contract, fraud and

promissory estoppel.[3]  On April 9, 2008, Christ filed a motion for sanctions against Cormick for,

among other things, Cormick's repeated dilatory discovery conduct and his refusal to appear for

deposition after being served proper notice. (D.I. 115.) On May 8, 2008, the court held a hearing

on that motion. Following that hearing, the court granted Christ's motion for sanctions, and entered

default judgment in favor of Christ in both the 06-275-GMS and 07-060-GMS actions. Specifically,

the court (a) entered judgment for Christ on his claims against Cormick in the 06-275-GMS action;

(b) dismissed all of the counterclaims against Christ in the 06-275-GMS action; and (c) dismissed

all of the claims against Christ in the 07-060-GMS action. (D.I. 127.)  At present, the only issue

remaining for the court to resolve in this case is the amount of damages.

---

[2] The court will permit the plaintiff to file, within five (5) days of the docketing of this Memorandum and Order, an itemized statement of attorneys' fees and expenses that delineates the actual hours expended, the expenses incurred, and the specific tasks performed by plaintiff's counsel in C.A. Nos. 06-275-GMS and 07-060-GMS. The Defendants will, likewise, be permitted to file a response to plaintiff's itemized statement within five (5) days from the date of service of plaintiff's statement. *See infra* Section IV.

[3] For purposes of this motion, the court adopts and incorporates herein by reference the factual background of this case, as set forth in the Amended Complaint (D.I. 29), and as previously recited in the court's July 10, 2007 Memorandum and Order. (D.I. 46.)

## III.    THE PARTIES' CONTENTIONS

The plaintiff contends that, in addition to an award of $250,000 in compensatory damages on his original claim, he is also entitled to: (a) "further compensatory damages" in the amount of $918,725, (b) "punitive damages," and (c) "attorneys' fees and expenses" in the amount of $318,990.15. (D.I. 129 at 2, 10.) Defendants do not oppose awarding the plaintiff $250,000 on his original claim. (D.I. 131 at 2.) Defendants do, however, oppose plaintiff's demand for additional damages. *Id.* They contend that plaintiff's requests for these additional damages are "inappropriate, unjustified and unsupported, and . . . overreaching[.]" *Id.* The Defendants further contend that punitive damages and attorneys' fees and expenses are likewise not warranted and should not be awarded in this case. (D.I. 131 at 6,11.)

## IV.    DISCUSSION

In all cases where the clerk is not authorized to enter default judgment "for a sum certain," the party seeking judgment by default is required to apply to the court. Fed. R. Civ. P. 55. The consequence of an entry of default judgment is that the factual allegations of the complaint will be taken as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The court is, nonetheless, still required to calculate the appropriate amount of damages, and need not accept the plaintiff's representations on damages as true. *See Comdyne I*, 908 F.2d at 1149; *see also Compendia Songs v. On Top Communications, L.L.C.*, No. 04-252-GMS, 2004 WL 2898070, at *2 (D. Del. Nov. 15, 2004) (same).

Following the court's entry of default judgment, Christ now seeks an award of: (a) compensatory damages; (b) punitive damages; and (c) attorneys' fees and expenses. The court will consider each of these respective damages categories in turn.

3

## A.     Compensatory Damages

The purpose of compensatory damages is to compensate a plaintiff for his proven, actual loss caused by the defendant's wrongful conduct. *See Chase Manhattan Mortgage Corp. v. Advanta Corp.*, No. 01-507 (KAJ), 2005 U.S. Dist. LEXIS 19374, at *74 (D. Del. Sept. 8, 2005) (citations omitted). To achieve that purpose, compensatory damages are measured by the plaintiff's out-of-pocket actual loss. *Id.* In tort cases, the measure of damages includes "those reasonably foreseeable at the time of commission of the tortious act or omission." *Zippertubing Co. v. Teleflex, Inc.*, 757 F.2d 1401, 1412-13 (3d Cir. 1985).

Here, plaintiff contends that he is entitled to an award of $250,000 in compensatory damages on his original claim, and $918,725 in additional compensatory damages for "expenses" incident to his original claim. Specifically, as part of his request for these additional damages, plaintiff is seeking $9,500 in travel expenses; $905,000 in lost business revenues; $4,000 in communications expenses; and $225 for his purchase of a brief case. Defendants concede that plaintiff is entitled to $250,000 on his original claim, but oppose plaintiff's claim for these additional damages.

After reviewing the record, and considering the parties' contentions and the applicable law, the court concludes that plaintiff is entitled to $250,000 in compensatory damages, plus pre-judgment interest at the legal rate as of March 16, 2004.[4] The court is satisfied that this award is sufficient to compensate him for his loss resulting from Cormick's wrongful conduct. The court, however, is not convinced that plaintiff is entitled to the more than $900,000 in additional compensatory damages that he claims. First, the court is not persuaded that any of these expenses

---

[4] In his Opening Brief, Christ states that the applicable legal rate for pre-judgment interest as of March 16, 2004 is "7.00%." (D.I. 116 at 9.) The Defendants have not offered any evidence to contradict Christ's contention in this regard.

4

were reasonably foreseeable at the time Cormick either breached the parties' contract or engaged in any tortious conduct. Second, the court is not satisfied (and the plaintiff has failed to credibly establish) that these expenses flowed either directly or indirectly from, or somehow are a proximate result of Cormick's conduct. In particular, the court finds Christ's claim for lost business revenues to be incredible; insofar as it is too speculative, too uncertain, and too remote to be awarded in this case. Indeed, Christ's claim for these additional damages appears to be largely overreaching. The court, therefore, denies plaintiff's request for $918,725 in additional compensatory damages with prejudice.

## B.      Punitive Damages

When considering breach of contract or tort cases, federal courts generally look to applicable state law to determine whether and to what extent to award punitive damages. *See, e.g.*, *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 196 (3d Cir. 1992). Under Delaware law, punitive damages may be awarded in cases where a defendant acted recklessly or was motivated by malice or fraud. *See Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del. 1987). Delaware law further provides that, in certain limited circumstances, punitive damages may be awarded in breach of contract cases where the defendant's conduct was especially "willful and malicious." *Id.* (citations omitted). In these circumstances, the purpose of punitive damages is two-fold: to punish and to deter future conduct. *See, e.g., 2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp.*, No. 97-450-JJF, 2002 U.S. Dist. LEXIS 439, at *23 (D. Del. Jan. 10, 2002) (citations omitted). Nonetheless, "[a]ny award of punitive damages should not go beyond deterrence and become a windfall." *Perez v. Cucci*, 725 F. Supp. 209, 257 (D.N.J. 1989) (citations omitted).

Here, the plaintiff contends that punitive damages should be awarded because, among other

5

things, Defendant Cormick "intentionally and maliciously" defrauded him of $250,000. (D.I. 129 at 5.) Specifically, plaintiff argues that punitive damages are appropriate in this case because Cormick (1) intentionally misappropriated funds and (2) continually "threw up roadblocks" to prevent him from reclaiming those funds -- including repeatedly refusing to submit to a deposition in this litigation. *Id.*

The Defendants contend that there is no basis for awarding punitive damages in this case. They argue that Christ has failed to affirmatively prove that Cormick acted "intentionally and maliciously." (D.I. 131 at 6-7.) Defendants further argue that the conduct plaintiff alleges Cormick engaged in (*i.e.*, defending himself in litigation and avoiding his deposition) does not call for punitive damages. *Id.* at 7. Furthermore, the Defendants argue that, in any event, the court has already sanctioned Cormick in this case by granting default judgment against him, and that any further sanctions -- in the form of punitive damages -- are not warranted. *Id.*

The court concludes that some measure of punitive damages is justified and should be awarded in this case. After reviewing the record, the court is satisfied that Cormick's pattern of misconduct in this case was, indeed, sufficiently intentional and malicious. Cormick's repeated failure to appear for deposition is but one example of the kind of willful conduct that requires an award of punitive damages in this case.[5] Moreover, the court is not persuaded that its earlier entry of default judgment necessarily precludes, or in some way now limits, it from awarding punitive damages. Accordingly, the court will award Christ punitive damages in the amount of $25,000.

## C. Attorneys' Fees and Expenses

A district judge has the power to award reasonable attorneys' fees. *See, e.g., Alyeska*

---

[5] *See* D.I. 127 at 2.

*Pipeline Serv. v. Wilderness Society*, 421 U.S. 240, 258-59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975);

*Skehan v. Board of Trustees of Bloomsburg St. College*, 538 F.2d 53, 57 (3d Cir.), cert. denied, 429

U.S. 979, 97 S. Ct. 490, 50 L. Ed. 2d 588 (1976). A reasonable attorneys' fee is one that is

"adequate to attract competent counsel," but does not "produce windfalls." *Butler v. Frett*, No. 99-

4367, 2006 WL 1806412, at *7 (D.N.J. June 29, 2006) (citations omitted).

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees

is reasonable. To meet its burden the fee petitioner must submit evidence supporting the hours

worked and the rates claimed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citations

omitted); *see also Bucceroni v. City of Philadelphia*, No. 03-6371, 2006 WL 3420298, at *2 (E.D.

Pa. Nov. 27, 2006). Once submitted, the district court must conduct "a thorough and searching

analysis" of the time records, and must carefully review the billing records supporting the fee

request. *Bucceroni*, 2006 WL 3420298, at *2; *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362

(3d Cir. 2001) (same). The court "should review the time charged, decide whether the hours set out

were reasonably expended for each of the particular purposes described and then exclude those that

are 'excessive, redundant, or otherwise unnecessary.'" *Loughner v. Univ. of Pittsburgh*, 260 F.3d

173, 178 (3d Cir. 2001) (citations omitted).

Here, the plaintiff is seeking (1) $43,233.31 for attorneys' fees and expenses incurred in

connection with his "South African litigation," and (2) $275,756.74 for attorneys' fees and expenses

incurred in connection with the two instant actions (*i.e.*, C.A. Nos. 06-275-GMS and 07-060-GMS).

(D.I. 129 at 8.) In support of his claim for attorneys' fees and expenses in the South African

litigation, plaintiff has submitted a series of invoices and trust account statements that purportedly

reflect payments for legal services and "other" related expenses. (D.I. 130 at Ex. C.) In support of

7

his claim for attorneys' fees and expenses expended in the two D. Del. actions, Christ has submitted only a one-page, computer printout that, in summary form, shows fees and costs for "District Court" totaling "272,756.74" dollars. (*Id.* at Ex. D.)

The Defendants contend that Christ should not be awarded attorneys' fees and expenses in this case for attorneys' fees and expenses actually incurred in another case in South Africa. The court agrees. As the Defendants correctly note, Christ does not cite (and the court is not aware of) any authority that supports an award of attorneys' fees and expenses under these circumstances. Furthermore, the court is not convinced that what Christ is seeking in this case is even permissible under South African law. Again, no case law is cited. Christ has not articulated a sound legal basis for this court to conclude that, in instances like this, South African courts award attorneys' fees and expenses. The court is, thus, not persuaded that the principles of comity necessitate any such award here. The court is simply not convinced (nor has plaintiff sufficiently demonstrated) that an award in this case -- for $43,233.31 in attorneys' fees and expenses expended in another South African case -- is justified. The court, therefore, denies with prejudice plaintiff's request for attorneys' fees and expenses incurred in connection with his South African litigation.

The Defendants further contend that Christ's claim for attorneys' fees and expenses incurred in connection with the two actions presently before this court should, likewise, be denied. Specifically, the Defendants argue that Christ's "summary statement of fees" is inadequate as a matter of law; inasmuch as it prevents the Defendants (and the court) from assessing the "reasonableness" of his claims. (D.I. 131 at 12.) The court agrees. The court finds the one-page computer printout submitted by plaintiff in support of his claim for $272,756.74 in attorneys' fees and expenses to be lacking. Indeed, it is not the kind of itemized statement that would permit the

8

court to conduct "a thorough and searching analysis of the time records," or to, in any meaningful way, "review the billing records supporting the fee request" as is required. *Bucceroni*, 2006 WL 3420298, at \*2. On this record, it is not possible for the court to determine whether Christ's claim for fees and expenses expended in connection with the two D. Del. cases is reasonable -- especially since plaintiff has failed to "produce detailed bills" for the court to consider. *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 623 (9th Cir. 1993).

For now, the court will deny without prejudice plaintiff's request for attorneys' fees and expenses incurred in C.A. Nos. 06-275-GMS and 07-060-GMS. As noted above, however, the court will permit the parties to supplement the record for this very limited purpose, and for the court's further consideration.[6]

## III.    CONCLUSION

For the foregoing reasons, the court grants in part and denies in part plaintiff's Motion for Default Judgment and Attorneys' Fees (D.I. 128). Specifically, the court grants Christ's request for compensatory damages in the amount of $250,000, plus pre-judgment interest at the legal rate as of March 16, 2004, and his request for punitive damages in the amount of $25,000. The court denies without prejudice Christ's request for attorneys' fees and expenses incurred in connection with the 06-275-GMS and 07-060-GMS actions.

Dated: November *10* , 2008

CHIEF, UNITED STATES DISTRICT JUDGE

---

[6] *See supra* note 2.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT D. CHRIST,                          )
                                           )
                    Plaintiff,             )
          v.                               )
                                           )
BRETT J. CORMICK and ELAN SUISSE           )      C.A. No. 06-275-GMS
INTERNATIONAL HOLDINGS (USA)               )
LLC,                                       )
                    Defendants.            )
                                           )
_____)
ELAN SUISSE LTD.,                          )
                                           )
                    Plaintiff,             )
          v.                               )
                                           )      C.A. No.  07-060-GMS
ROBERT D. CHRIST,                          )
                                           )
                    Defendant.             )

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED THAT:

1.    Plaintiff's Motion for Default Judgment and Attorneys' Fees (D.I. 128) is

      DENIED IN PART and GRANTED IN PART.

Dated: November 10, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE